IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>Defendant. | Case No. 1:24-CV-03238-SCJ-JCF |

## ANSWER OF NATIONAL CREDIT SYSTEMS, INC.

Defendant National Credit Systems, Inc. ("NCS"), by and through its undersigned counsel, hereby files its Answer with Affirmative Defenses to the Amended Complaint filed by Plaintiff Frederick Silver (the "Plaintiff"), as follows:

## RESPONSE TO INTRODUCTION

NCS denies the allegations contained in the Introduction to the Amended Complaint.

## THE PARTIES

1. Admitted in part, denied in part. NCS admits that Plaintiff is a person, but NCS lacks sufficient information to admit or deny his place of residency.

2. All allegations in this paragraph constitute legal conclusions for which no response is required. As such, all allegations are denied.

3. NCS admits that it is a Georgia corporation with offices in Atlanta, Georgia. As such, all remaining allegations are denied.

4. All allegations in this paragraph constitute legal conclusions for which no response is required. As such, all allegations are denied.

5. All allegations in this paragraph constitute legal conclusions for which no response is required. As such, all allegations are denied.

6. Denied.

## JURISIDCTION AND VENUE

7. Admitted.

8. Admitted.

9. Admitted.

## COURSE OF CONDUCT

10. Admitted in part, denied in part. NCS admits that, from time to time, it acts as a "debt collector" subject to the alleged laws. However, NCS denies that it acts as a "debt collector" in all instances. NCS lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph except to deny that it violated the law or that it is liable to the Plaintiff under any theory for any amount. As such, all remaining allegations are denied.

11. Admitted in part, denied in part. NCS admits that, from time to time, it

acts as a "debt collector" subject to the alleged laws. However, NCS denies that it acts as a "debt collector" in all instances. NCS lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph except to deny that it violated the law or that it is liable to the Plaintiff under any theory for any amount. As such, all remaining allegations are denied.

12. Admitted in part, denied in part. NCS admits that, from time to time, it acts as a "furnisher" subject to the alleged laws. However, NCS denies that it acts as a "furnisher" in all instances. NCS lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph except to deny that it violated the law or that it is liable to the Plaintiff under any theory for any amount. As such, all remaining allegations are denied.

13. Admitted in part, denied in part. NCS admits that, from time to time, it receives complaints from consumers and that investigates such complaints as required by law. The remaining allegations are denied.

14. Admitted in part, denied in part. NCS admits that, from time to time, it receives complaints from consumers and that investigates such complaints as required by law. The remaining allegations are denied.

15. Admitted in part, denied in part. NCS admits that, from time to time, it receives complaints from consumers and that investigates such complaints as required by law. The remaining allegations are denied.

16. All allegations in this paragraph constitute legal conclusions for which no response is required. As such, all allegations are denied.

17. Denied. NCS investigates disputes as required by law.

18. Denied. NCS investigates disputes as required by law.

## STATEMENT OF FACTS OR FACTUAL BACKGROUND

19. Denied.

20. NCS lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph except to deny that it violated the law or that it is liable to the Plaintiff under any theory for any amount. As such, all remaining allegations are denied.

21. NCS lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph except to deny that it violated the law or that it is liable to the Plaintiff under any theory for any amount. As such, all remaining allegations are denied.

22. Admitted in part, denied in part. NCS admits that, from time to time, it acts as a "debt collector". However, NCS denies that it acts as a "debt collector" in all instances. NCS lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph except to deny that it violated the law or that it is liable to the Plaintiff under any theory for any amount. As such, all

remaining allegations are denied.

23. NCS states that it has received a verbal dispute from Mr. Silver and that it marked the account as disputed internally in June of 2024. When the account was reported to the credit bureaus it was then marked as disputed All remaining allegations are denied. NCS specifically denies that it received any ACDVs through the consumer reporting agencies prior to or as of the filing date of this litigation.

24. NCS lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph except to deny that it violated the law or that it is liable to the Plaintiff under any theory for any amount. As such, all remaining allegations are denied.

25. NCS states that it has received a verbal dispute from Mr. Silver and that it marked the account as disputed in June 2024. All remaining allegations are denied. NCS specifically denies that it received any ACDVs through the consumer reporting agencies at the of this litigation.

26. Denied. NCS states that it has received a verbal dispute from Mr. Silver and that it marked the account as disputed in June 2024. All remaining allegations are denied.

27. Denied. NCS states that it has received a verbal dispute from Mr. Silver and that it marked the account as disputed in June 2024. All remaining allegations are denied.

28. Denied. NCS states that it has received a verbal dispute from Mr. Silver and that it marked the account as disputed in June 2024. All remaining allegations are denied.

29. Denied. NCS states that it has received a verbal dispute from Mr. Silver and that it marked the account as disputed in June 2024. All remaining allegations are denied.

30. Denied.

31. NCS lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph except to deny that it violated the law or that it is liable to the Plaintiff under any theory for any amount. As such, all remaining allegations are denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT I - FCRA

36. NCS incorporates all responses from the preceding paragraphs numbered as if fully stated herein.

37. Denied. NCS denies having violated the law as alleged. As such, all

allegations in this paragraph are denied.

38. Denied. NCS denies having violated the law as alleged. As such, all allegations in this paragraph are denied.

39. Denied as to NCS. The use of e-Oscar system is required by the consumer reporting agencies.

40. Denied. NCS denies having violated the law as alleged. As such, all allegations in this paragraph are denied.

41. Denied. NCS denies having violated the law as alleged. As such, all allegations in this paragraph are denied.

42. Denied. NCS denies having violated the law as alleged. As such, all allegations in this paragraph are denied.

43. Denied. NCS denies having violated the law as alleged. As such, all allegations in this paragraph are denied.

44. Denied. NCS denies having violated the law as alleged. As such, all allegations in this paragraph are denied.

45. Denied. NCS denies having violated the law as alleged. As such, all allegations in this paragraph are denied.

46. Denied. NCS denies having violated the law as alleged. As such, all allegations in this paragraph are denied.

47. Denied. NCS denies having violated the law as alleged. As such, all allegations in this paragraph are denied.

## OPPOSITION TO REQUESTED RELIEF

NCS denies that the Plaintiff is entitled to any of the relief requested. NCS further states that it will seek its own costs and fees if and as appropriate.

## SPECIFIC DENIALS

In each and every instance herein where NCS has set forth a response and it has not specifically admitted, denied, or set forth reasons as to why it lacked knowledge and could not adequately plead, any such answer should be treated as a specific denial of any such allegation.

## JURY TRIAL DEMAND/RESPONSE

NCS admits that Plaintiff demands trial by jury. NCS hereby relies upon such demand and also formally demands trial by jury.

## AFFIRMATIVE DEFENSES

AD1. Pleading affirmatively, NCS reserves any and all defenses available under applicable rules, regulations, orders, and decisions.

AD2. NCS reserves the right to amend or supplement their affirmative defenses to include any defenses of which they are not presently aware.

AD3. Plaintiff's claims against NCS are barred in whole or in part, by the fact

Plaintiff has no actual damages attributable to NCS.

AD4. If NCS violated the law, which it denies, Plaintiff has incurred no actual damages or any ascertainable loss as a result of the purported violation by NCS.

AD5. Plaintiff has failed to allege any fact that would support a claim for actual damages. Therefore, to the extent Plaintiff seeks actual damages, that request should be dismissed or withdrawn.

AD6. The Plaintiff has the burden of proving that the underlying debt is consumer in nature. Plaintiff has not pleaded any facts demonstrating that the alleged account at issue was a consumer debt – not even conclusory statements.

AD7. Any violation of the law or damage suffered by Plaintiff, which NCS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability or damages as to NCS.

AD8. Plaintiff's claims for damages may be barred, in whole or in part, by Plaintiff's failure to mitigate.

AD9. Plaintiff has failed to meet all conditions precedent.

AD10. Plaintiff has failed to plead a claim upon which relief may be granted.

AD11. Plaintiff has failed to show or even allege any violation of the law, and, therefore, is not entitled to attorneys' fees or costs.

AD12. NCS has policies and procedures in place to ensure that it does not collect amounts which are not owed, from persons who do not owe them. As such,

NCS is not liable to Plaintiff because any alleged violation, if true, was either unintentional or the result of a *bona fide* error despite the maintenance of these procedures which were reasonably adapted to avoid any such violation or error. See 15 U.S.C. § 1692k.

AD13. Plaintiff's unclean hands and inequitable conduct bar the Amended Complaint and each purported cause of action alleged therein.

AD14. Any violation of the law or damage suffered by Plaintiff, which NCS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability or damages as to NCS.

AD15. Plaintiff's claims, as plead, may be preempted in whole or in part.

AD16. Any violation of the law, which NCS denies, was not material.

AD17. Plaintiff may not have a private cause of action to bring suit against NCS.

AD18. Plaintiff has failed to join an indispensable third party.

AD19. To the extent NCS violated the law – which it denies – such violation(s) were neither intentional nor willful.

AD20. At all relevant times, NCS maintained and followed reasonable procedures to avoid violations of the FCRA.

AD21. NCS, in compliance with the FCRA, reasonably investigated Plaintiff's dispute(s), if any, and updated its data furnishing accordingly.

AD22. As a separate alternative affirmative defense to the Amended Complaint, NCS alleges that Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure including, but not limited to, estoppel, failure of consideration, laches, statute of limitations and waiver. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out herein, which cannot be determined until NCS has had an opportunity to complete discovery. Therefore, NCS incorporates all said affirmative defenses as if fully set forth herein.

AD23. Defendant reserves the right to amend or supplement their affirmative defenses to include any defenses of which they are not presently aware and may assert any other affirmative defense not provided for herein upon further investigation and discovery.

AD24. Plaintiff has failed to plead a claim upon which relief may be granted.

AD25. To the extent that Plaintiff seeks to raise claims pre-dating those as alleged in the Amended Complaint, they may be barred in whole or in part by the two-year statute of limitation for the FCRA.

AD26. Plaintiff's claims are barred for lack of subject matter jurisdiction. Plaintiff will not be able to show factual (as opposed to facial) standing.

AD27. Plaintiff's claims are barred to the extent that they are not objectively and readily verifiable.

AD28. Plaintiff's claims are barred to the extent that there is not private right of action.

**WHEREFORE**, National Credit Systems, Inc. respectfully requests that this Honorable Court enter judgment in its favor, dismissing Plaintiff's Complaint and granting any and all other relief as the Court deems just and equitable.

This 17th day of June, 2025.

Respectfully Submitted,
/s/Jonathan Green
Jonathan Green
Ga. Bar No. 307053
National Credit Systems, Inc.
1775 The Exchange SE
Atlanta, GA 30339
jgreen@nationalcreditsystems.com
Ph. 404.629.9595

Attorney for Defendant National Credit Systems, Inc.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

This 17th day of June, 2025.

Respectfully Submitted,
/s/Jonathan Green
Jonathan Green
Ga. Bar No. 307053

                                                  National Credit Systems, Inc.
                                                  1775 The Exchange SE
                                                  Atlanta, GA 30339
                                                  jgreen@nationalcreditsystems.com
                                                  Ph. 404.629.9595


                                                  Attorney for Defendant National Credit Systems, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>Defendant. | Case No. 1:24-CV-03238-SCJ-JCF |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed **NATIONAL CREDIT SYSTEMS, INC.'S ANSWER** via US Mail and Electronic Mail as follows:

>2410 WOODLAKE PARKWAY, UNIT 1117
>CONVERSE, TEXAS 78109
>
>ASCLV1@GMAIL.COM

This 17th day of June, 2025.   Respectfully Submitted,
/s/Jonathan Green
Jonathan Green
Ga. Bar No. 307053
National Credit Systems, Inc.
1775 The Exchange SE
Atlanta, GA 30339
jgreen@nationalcreditsystems.com
Ph. 404.629.9595

Attorney for Defendant National Credit Systems, Inc.