## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FREDERICK O. SILVER,

    Plaintiff,

      vs.

NATIONAL CREDIT SYSTEMS, INC.,

    Defendant.

Case No.: 1:24-CV-03238-SCJ-JCF

## DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL NOTARIZED CONTRACT OR ASSIGNMENT

NOW COMES Defendant, NATIONAL CREDIT SYSTEMS, INC. ("NCS"), by and through undersigned counsel, and respectfully submits this Response in Opposition to Plaintiff Frederick Silver's "Motion for an Order Requiring Defendant to Produce Notarized Assignment or Contract Agreement". ECF 28. In support thereof, Defendant states as follows:

## I. INTRODUCTION

Plaintiff's motion is procedurally improper, factually baseless, and legally meritless. Styled as a motion to compel under Rules 26 and 34, Plaintiff seeks to obtain documents despite never having complied with the basic

requirements of the Federal Rules of Civil Procedure or the Local Rules of this Court. The request is rooted in a fundamental misstatement of the FDCPA and – just as with his Emergency Motion for Injunction at ECF 25 - serves as an example of a quickly emerging pattern of misusing this Court's processes for improper purposes.

## II. DISCOVERY HAS NOT COMMENCED UNDER THE RULES

Defendant filed its Answer in this matter on June 17, 2025. ECF 27. Pursuant to Fed. R. Civ. P. 26(d)(1), a party may not seek discovery from any source before the parties have conferred as required by Fed. R. Civ. P. 26(f), unless authorized by stipulation or court order.

Local Rule 26.2(A) of the Northern District of Georgia further requires that this Rule 26(f) conference occur within 30 days after a defendant's appearance by answer or motion under Rule 12.

Despite these clear procedural rules, Plaintiff served discovery requests on June 21 and June 27, 2025 – where no Rule 26(f) conference has occurred.

In fact, Plaintiff has not even attempted to confer with Defendant under Rule 26(f), has not served initial disclosures as required by Rule 26(a)(1), and has made no effort to participate in the joint discovery planning required under the Local Rules and Federal Rules.

Moreover, Plaintiff has failed to engage in good faith communications regarding this case. Through the present, Plaintiff's only communication has been to demand monetary payment from NCS. He has refused to substantively participate in case planning or coordination efforts. This further underscores the bad faith nature of his litigation conduct.

As such, any discovery Plaintiff purported to serve is a legal nullity and should be deemed void, and at the very least, not deemed served until *after* a 26f conference.

### III. PLAINTIFF'S REQUEST MISSTATES THE LAW

Under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a)-(b), a consumer has 30 days from receipt of the initial written communication from a debt collector to dispute the validity of the debt or request validation. If no timely dispute is received, the debt collector has no legal obligation to cease collection or provide verification. Courts, including within the Northern District of Georgia, have routinely upheld this rule. *See Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F. Supp. 2d 1344, 1349 (N.D. Ga. 2003) (holding no obligation to validate after expiration of the 30-day period).

In this case, NCS's initial communication was on June 10, 2024. Here, Plaintiff's requests for validation fall well outside the 30-day validation window,

rendering any such dispute or request legally ineffective. NCS was under no obligation to respond to those untimely requests under 15 U.S.C. § 1692g.

Moreover, Plaintiff's demand for a notarized contract or assignment agreement misstates the law. The FDCPA imposes no requirement that a debt collector own a debt or provide a notarized assignment. What the statute requires is that a collector provide sufficient information for the consumer to identify the debt and understand the nature of the obligation—which NCS has done repeatedly, including as recently as May 2025, by supplying lease documents and a detailed account breakdown.

Neither the FDCPA nor Eleventh Circuit precedent, such as *Loyd v. Midland Credit Mgmt., Inc.*, 2024 U.S. Dist. LEXIS 59542, at *13 (N.D. Ga. Apr. 1, 2024), mandates production of a contract between the collector and the original creditor, nor proof of a transfer of ownership. In fact, in this case, there are no allegations that NCS acted without authority from the original creditor, and "ownership" of an account is not required to initiate collections.

Plaintiff's clear reliance on internet-sourced templates – which are frequently and incorrectly relied upon by consumers - contains misinformation, misstates the law, and contributes to the burdening of the judicial system with baseless filings.

## IV. PATTERN OF FRIVOLOUS LITIGATION AND COERCION

This motion is another in a string of filings clearly intended to pressure NCS into settlement rather than prosecute legitimate claims. Prior to filing suit, Plaintiff refused to even confirm whether he disputed the subject account. Now, having initiated this litigation, he seeks to construct a violation after the fact using boilerplate allegations copied from internet forums. These tactics are abusive, and the Court should not countenance them.

## V. CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court DENY Plaintiff's Motion in its entirety, admonish Plaintiff for his abuse of judicial process, and grant such further relief as this Court deems just and proper. Defendant further reserves the right to seek sanctions under 28 U.S.C. § 1927 should such conduct continue.

Dated: July 11, 2025                    Respectfully submitted,

_/s/Katrina M. DeMarte
KATRINA M. DEMARTE (MI Bar No.
P81476; CO Bar No. 43135; GA Bar No.
821011)
DEMARTE LAW, PLLC
39555 Orchard Hill Place Suite 600
PMB 6338
Novi, MI 48375
313-509-7047
Katrina@demartelaw.com

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Undersigned counsel hereby certifies that this document has been prepared with Book Antiqua 13-point font as approved by LR 5.1(B).

By: */s/ Katrina M. DeMarte*
Katrina M. DeMarte

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties requesting notice. Additionally, I mailed a copy of this document to the Plaintiff at his address of record: 2410 Woodlake Parkway #1117, Converse, TX 78109.

*/s/ Katrina M. DeMarte*
Katrina M. DeMarte