IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>　　Defendant. | Case No.: 1:24-CV-03238-SCJ-JCF |

**PRELIMINARY REPORT AND DISCOVERY PLAN**[1]

1. Description of Case:

   (a) <u>Describe briefly the nature of this action.</u>

   　　This is a Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practices Act (FDCPA) action brought by a pro se Plaintiff, Frederick O. Silver, based on disputed debt collection activities and credit reporting.

   (b) <u>Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.</u>

   　　Plaintiff's Response:

   　　NCS's Response:

---

[1] Plaintiff first contacted the undersigned regarding a 26f report on July 17, 2025, by providing a "draft" 26f report not compliant with the local rules. The undersigned provided this report to Plaintiff for comment, but, as of the filing of this document, no comment has been received. Should NCS receive appropriate updates, it will file an updated report, and files this unilateral report to meet today's deadline.

1

Plaintiff's complaint lacks specific factual allegations and primarily consists of boilerplate language and statutory citations copied from templates, without identifying how NCS allegedly violated the law. No specific debt, transaction, or conduct is attributed to NCS, and the complaint lacks supporting details and dates. NCS denies all wrongdoing and affirms that it complied with all legal requirements in handling any relevant account. Indeed, Plaintiff's allegations have changed from filing to filing with no common thread, and they continue to shapeshift even with described claims in this report.

Plaintiff's litigation history reveals a clear pattern of abusive and vexatious filings. He has been declared a vexatious Plaintiff in Texas. He has initiated around 100 in federal court alone - many asserting copycat baseless FCRA and FDCPA violations without factual support. This repetitive misuse of the legal system underscores the need for Court oversight and supports NCS's contention that this case is part of a broader strategy to coerce settlements rather than to seek legitimate redress.

Based on currently known facts, NCS asserts that it fully complied with all applicable laws, and denies any liability or damages alleged by Plaintiff, who has not sufficiently pled that the account qualifies as a "debt" or that he is a "consumer" under the statutes.

NCS maintains robust policies and procedures to ensure it collects only on verified accounts and from qualified clients. These include safeguards for vetting accounts before initiating collection and rigorous internal processes to handle disputes. NCS marks disputed accounts appropriately, investigates the issues thoroughly, and requests additional documentation when needed—steps it followed here.

NCS's conduct conformed to its established compliance framework, which is designed to prevent the very violations alleged. If any error occurred (which NCS denies), it was at most a bona fide error following a reasonable investigation. Any alleged harm suffered by Plaintiff is attributable to himself or a third party, not to NCS.

Because NCS acted in accordance with the FDCPA and FCRA, no liability can attach under the circumstances. NCS intends to launch a factual challenge to Plaintiff's Article III standing following discovery.

(c) <u>The legal issues to be tried are as follows:</u>

<u>Plaintiff contends the following are the legal issues to be tried:</u>

NCS contends that the following legal issues are to be decided:

- Whether Plaintiff can meet his burden to show that the Defendant's alleged actions have violated the provisions of the FDCPA and FCRA.

- Whether Plaintiff can meet his burden to show that the underlying reporting was inaccurate.

- Whether Plaintiff can meet his burden to show i) that he incurred actual damages; ii) that the Defendant's alleged actions or inactions caused actual damages; iii) the legal sufficiency of any alleged damages under Article III; iv) the causal connection between the alleged damages and the alleged actions or inactions of Defendant or other third party; and, if he can meet this burden, the amount of actual or statutory damages, if any, to which Plaintiff is entitled.

- Whether NCS has sufficient evidence to prevail on a *bona fide* error defense.

- The receipt, scope, and legal sufficiency of Plaintiff's alleged dispute(s) as to any Defendant.

- The implication of Plaintiff's failure to mitigate any alleged damages.

- Whether the account was for personal, family, or household purposes.

- Whether the Plaintiff qualifies as a consumer.

- Whether the Plaintiff is entitled to statutory or actual damages.

- Whether NCS acted reasonably, willfully, or negligently in investigating Plaintiff's claimed disputes.

- Whether NCS can meet its burden on all affirmative defenses, including mitigation of damages, statute of limitations, and discernable harm.

- Whether Plaintiff can prove causation.

- Whether NCS was engaged in the collection of "debt" as defined under the law.

- Whether NCS is a "debt collector" as defined under the law; and,

- The amount of attorneys' fees and costs to be awarded in this action to NCS pursuant to 1692(k)(a)(3) and/or Fed. R. Civ. Proc. 11 and 11 USC 1927 resulting from Plaintiff's vexatious, frivolous, and outright false filings and claims.

(d) <u>The cases listed below (include both style and action number) are:</u>

  i. Pending Related Cases: N/A.

  ii. Previously Adjudicated Related Cases: N/A

2. This case is complex because it possesses one or more of the features listed below (please check):

This case is not complex.

\_\_\_\_ (1) Unusually large number of parties

    \_\_\_\_ (2) Unusually large number of claims or defenses

    \_\_\_\_ (3) Factual issues are exceptionally complex

    \_\_\_\_ (4) Greater than normal volume of evidence

    \_\_\_\_ (5) Extended discovery period is needed

    \_\_\_\_ (6) Problems locating or preserving evidence

    \_\_\_\_ (7) Pending parallel investigations or action by government

    \_\_\_\_ (8) Multiple use of experts

    \_\_\_\_ (9) Need for discovery outside United States boundaries

    \_\_\_\_ (10) Existence of highly technical issues and proof

    \_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff: *Pro Se*

    Defendant NCS:

    Katrina DeMarte, Esq.
    MI Bar No. P81476
    CO Bar No. 43135
    GA Bar No. 821011
    DeMarte Law, PLLC
    39555 Orchard Hill Pl.,
    Ste. 600 / PMB 6338
    Novi, Michigan 48375
    katrina@demartelaw.com
    (313) 509-7047

4. Jurisdiction:

Is there any question regarding this Court's jurisdiction?

   Yes           X**    No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**NCS denies that Plaintiff has alleged or can show satisfactory facial Article III Standing, particularly when premised on false and incomplete facts. Following the opinion on NCS's Motion to Dismiss, NCS shall conduct written discovery and then seek summary judgment. NCS does not waive its right to challenge *factual* Article III Standing.

5.    Parties to This Action:

   (a) The following persons are necessary parties who have not been joined:

N/A.

   (b) The following persons are improperly joined as parties:

N/A.

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

N/A.

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

N/A.

6.    Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

No amendments are anticipated at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.  Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

No objection.

9.  Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

NCS believes that a scheduling conference may be helpful to the extent the Court is willing to address Plaintiff's vexatious motions and *pro se* status.

10.  Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

For Plaintiff:

NCS intends to seek discovery as to the following:

1. The alleged debt(s) Defendant was attempting to collect from Plaintiff;

2. Communications regarding the account;

3. Plaintiff's alleged damages;

4. The allegations made in Plaintiff's complaint, including Plaintiff's contentions that her dispute was readily or objectively verifiable;

5. The defenses raised in NCS's Answer;

6. All claims for relief sought and affirmative defenses raised;

7. NCS's *bona fide error* & account handling procedures germane to this dispute;

8. Any and all records regarding the underlying account at issue in this litigation (which shall include but not be limited to correspondence and notices between the Parties and others bearing relevance to this case, all compilations of records regarding the account at issue, account statements, and any pertinent contracts or documents reflecting the rights or obligations of any of the Parties);

9. Any and all records or information regarding Plaintiff's allegations of damages and whether the facts allege any causal relationship between the Parties and any actions or inactions of NCS or are otherwise sufficient

to sustain a claim (which shall include but not be limited to documents supporting allegations of injury-in-fact);

10. All records regarding information received from public record vendors relating to the Parties;

11. The implications of Plaintiff's failure to mitigate their damages (if any);

12. Plaintiff's vexatious and litigious past as it pertains to disqualification as a "debtor" and other relevant purposes;

13. Plaintiff's status as a "consumer," and the account as a "debt"; and,

14. NCS's status as a "debt collector."

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Response:** The parties respectfully request that the Court assign this matter to a 4-month discovery track.

NCS further acknowledges Plaintiff's untimely discovery requests, which were served prior to the commencement of discovery, which will not be treated as served until completion of a 26f conference and service of initial disclosures.

11.   Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Response:**  The parties agree that in the event privileged documents or communications are inadvertently produced, such will be returned to the producing party and will not be used in this litigation until the Court has made a determination as to the admissibility of such materials.  The parties agree that

10

producing documents and other communications inadvertently will not operate as a waiver of privilege.

    (b) Is any party seeking discovery of electronically stored information?

        Yes                 X   No

If "yes,"

    (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Response:**

NCS intends to seek a protective order based upon Plaintiff's overly-broad and irrelevant discovery requests.

As to inadvertent production, NCS requests that: in the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that

document or any other documents involving the same or similar subject matter. The Parties shall otherwise comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

As to claims of privilege, NCS requests that: the Parties shall claim all communications with their counsel concerning the alleged debt as privileged, without the need for a privilege log. The Parties agree that any claims of privilege or of protection as trial-preparation materials will be made at time of production and be accompanied by a privilege log stating the privilege asserted, as well as the date and description of the document, and the name and title of author(s) and recipient(s).

13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 17, 2025, via e-mail.

Settlement was discussed prior to the filing of dispositive motions, and NCS's settlement offer was rejected. NCS does not believe that this case will settle and intends to file an early dispositive motion.

For plaintiff (signature):

For NCS: Katrina M. DeMarte, Lead Counsel

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(    ) A possibility of settlement before discovery.
(    ) A possibility of settlement after discovery.
(    ) A possibility of settlement, but a conference with the judge is needed.

( X ) No possibility of settlement.

(c) Counsel (   ) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case. As noted above, similarly to other lawsuits filed by Plaintiff, this lawsuit was filed with false and incomplete facts for which there is no factual basis or support. NCS offered to settle for non-monetary terms, but Plaintiff will not discuss settlement without payment, which NCS is unwilling to do given the circumstances.

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (   ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

*/s/*

*/s/ Katrina DeMarte*
Katrina DeMarte, Esq.
MI Bar No. P81476
CO Bar No. 43135
GA Bar No. 821011
DeMarte Law, PLLC
39555 Orchard Hill Pl.,
Ste. 600 / PMB 6338
Novi, Michigan 48375

13

katrina@demartelaw.com
(313) 509-7047
*Counsel for National Credit Systems, Inc.*

\* \* \* \* \* \* \* \* \* \* \* \*

SCHEDULING

ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE