# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>Defendant. | Case No.: 1:24-CV-03238-SCJ-JCF |

### DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S OMNIBUS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS (ECF NOS. 25, 36, 37)

NOW COMES Defendant, NATIONAL CREDIT SYSTEMS, INC. ("NCS"), by and through undersigned counsel, and respectfully submits this Omnibus Response in Opposition to Plaintiff's three pending motions: (1) Emergency Motion for Preliminary Injunction (ECF No. 25), (2) Motion to Expedite Proceedings (ECF No. 36), and (3) Motion to Dismiss Frivolous Litigant Designation (ECF No. 37). While styled separately, these motions share common defects and reflect a pattern of filings that burden the Court's resources without advancing the merits of the case.

//
//

## I. BACKGROUND

This case remains in its infancy, though each party has filed its own Rule 26(f) Report, NCS has already served responses to Plaintiff's discovery requests and has served its own discovery on Plaintiff. Despite these efforts, Plaintiff's allegations have shifted from week to week, creating a moving target that renders meaningful participation in discovery and case planning difficult, if not impossible. Against this backdrop, Plaintiff now seeks emergency injunctive relief, an expedited schedule, and an order removing references to his long-standing designation as a vexatious litigant.

## II. DISCUSSION

With respect to the Emergency Motion for Preliminary Injunction (ECF No. 25), Plaintiff seeks extraordinary relief without demonstrating any of the necessary elements under Eleventh Circuit law, such as a likelihood of success on the merits or irreparable harm. This Court has already denied similar injunctive relief in its Order dated June 13, 2025 (ECF No. 26), finding that delay in seeking such relief undermined any claim of urgent harm. Plaintiff offers no new facts or changed circumstances to justify reconsideration.

As for the Motion to Expedite Proceedings (ECF No. 36), Plaintiff identifies no compelling reason to deviate from the Court's ordinary scheduling process. This case is at an early stage, with initial discovery exchanges underway. The

proper venue for addressing scheduling and case management remains the upcoming status conference, where all parties and the Court can address timing in a structured manner.

Finally, Plaintiff's Motion to Dismiss Frivolous Litigant Designation (ECF No. 37) is misplaced. Multiple federal and state courts have entered final orders declaring Plaintiff a vexatious litigant, imposing prefiling restrictions, and, in many instances, monetary sanctions. These determinations are matters of public record and are not subject to relitigation in this Court.

The undersigned was able to locate roughly 100 cases tracing back to Plaintiff, of which more than 10 cases where Plaintiff has been declared a vexatious litigant, most notably:

- *Silver v. Abbott*, NO. 03-19-00706-CV, 2019 Tex. App. LEXIS 10029, 2019 WL 6139503, at *1 (Tex. App.—Austin Nov. 20, 2019); *In re Frederick Omoyuma Silver*, No. 2019CI10784 (Tex. Dist. Ct. July 22, 2019) (declared a vexatious litigant under Texas law; required to seek leave prior to filing any cases in Texas);

- *Silver v. City of San Antonio*, 799 F. App'x 254 (5th Cir. 2020); *Silver v. Bexar Cnty. Sheriff's Off.*, 800 F. App'x 265 (5th Cir. 2020) (following numerous vexatious litigant determinations in Texas federal courts, the Fifth Circuit declared Plaintiff a vexatious litigant and prohibited him from filing in any Fifth Circuit court without prior leave);

- *Silver v. Bemporad*, 2019 U.S. Dist. LEXIS 66036, 2019 WL 1724047, *3 (W.D.Texas, 2019) (Magistrate recommendation that Silver be deemed a vexatious litigant, noting he had filed six cases in recent

years in that court, all dismissed at the pleadings stage, and had engaged in frivolous motion practice in each);

- *Silver v. Clark County Nevada*, 2020 U.S. Dist. LEXIS 226514, 2020 WL 7082692, *2 (D.Nev. 2020) (declared vexatious litigant – case dismissed; issued prefiling restrictions for all future cases in the District of Nevada);

- *Silver v. Cap. Mgmt. Servs.*, LP, 2024 U.S. Dist. LEXIS 3963 (Court recognized vexatious litigation history, where Plaintiff engaged in procedural abuse and meritless motions);

- *Silver v. Dystrup-Chiang*, No. 2:20-cv-01339-RAJ, 2022 U.S. Dist. LEXIS 44117, 2022 WL 741903, at *3-5 (W.D. Wash. Mar. 11, 2022) (Plaintiff declared a vexatious litigant and barred from filing future cases against Defendant without prior approval).

This history underscores the propriety of maintaining the existing references to Plaintiff's vexatious litigant status, particularly where such conduct is present in this case.

## III. CONCLUSION

For the foregoing reasons, NCS respectfully requests that the Court deny Plaintiff's Emergency Motion for Preliminary Injunction (ECF No. 25), Motion to Expedite Proceedings (ECF No. 36), and Motion to Dismiss Frivolous Litigant Designation (ECF No. 37) in their entirety. NCS further reserves the right to seek sanctions under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, and the Court's inherent authority should Plaintiff continue to engage in repetitive or abusive motion

practice. These matters can and should be addressed in further detail at the upcoming status conference.

Dated: August 11, 2025                Respectfully submitted,

/s/ Katrina M. DeMarte
KATRINA M. DEMARTE (MI Bar No. P81476; CO Bar No. 43135; GA Bar No. 821011)
DEMARTE LAW, PLLC
39555 Orchard Hill Place Suite 600 PMB 6338
Novi, MI 48375
313-509-7047
Katrina@demartelaw.com

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Undersigned counsel hereby certifies that this document has been prepared with Book Antiqua 13-point font as approved by LR 5.1(B).

By: */s/ Katrina M. DeMarte*
Katrina M. DeMarte

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties requesting notice. Additionally, I mailed a copy of this document to the Plaintiff at his address of record: 21905 Mountain Hwy E, Unit 4143, Spanaway WA, 98387-758.

*/s/ Katrina M. DeMarte*
Katrina M. DeMarte