# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| **FREDERICK O. SILVER,** | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | No. 1:24-CV-03238-SCJ-AWH |
| **NATIONAL CREDIT SYSTEMS, INC.,** | |
| Defendant. | |

## ORDER

This matter appears before the Court on Renewed Motion for Preliminary Injunction from Plaintiff Frederick O. Silver. Doc. No. [36].[1] The Court **DENIES** this motion because twelve months have lapsed since Defendant National Credit Systems, Inc. allegedly harmed him. Doc. No. [7], ¶ 20. For the same reason, Silver's Motion to Compel (Doc. No. [52]) is **DENIED** because, despite the title, it seeks injunctive relief, too.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

I.  **BACKGROUND**

Twelve months ago, Silver sued National Credit under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Doc. No. [7], ¶¶ 36–47, ¶¶ 48–52. For relief, Silver sought compensatory and punitive damages, as well as an injunction. Id. ¶ 52.

The allegations relevant to the *renewed*, emergency preliminary injunction follow. At least twelve months ago, National Credit reported a debt purportedly owed by Silver to the credit reporting bureaus. Id. ¶ 20. As reiterated a month ago, and again today, Silver "disputes the accuracy and validity of [the] debt reported by" National Credit. See Doc. No. [25], 2; Doc. No. [36], 1 (same). In consequence, Silver has been "denied access to housing and credit." Doc. No. [36], 1. This, too, according to Silver, was true twelve months ago. See, e.g., Doc. No. [7], ¶ 28.

II.  **LEGAL STANDARD**

A preliminary injunction hinges on four factors. Fed. R. Civ. P. 65. First, whether "there is a substantial likelihood of success on the merits." Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (citation omitted). Second, whether it "is necessary to prevent irreparable injury." Id.

2

Third, whether "the threatened injury outweighs the harm [the preliminary injunction] would cause to the non-movant." Id. Fourth, whether the preliminary injunction "would be adverse to the public interest." Id.

A movant must establish each factor because injunctive relief is an extraordinary and drastic remedy. Siegel v. LePore, 234 F. 3d 1163, 1176 (11th Cir. 2000). The decision to grant preliminary injunctive relief thus lies within the broad discretion of the district court. Majd–Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 902 (11th Cir. 1984).

### III. ANALYSIS

Silver cannot establish all four factors because "by sitting on [his] rights" for twelve months, let alone "a few," he "has squandered any corresponding entitlement to injunctive relief." Alabama v. United States Dep't of Com., 546 F. Supp. 3d 1057, 1073–74 (M.D. Ala. 2021) (citation omitted). "[A] party requesting a preliminary injunction must generally show reasonable diligence." Benisek v. Lamone, 585 U.S. 155, 159 (2018) (citation omitted). And if the Eleventh Circuit has "held that unexplained delays of a few months negate any claim of irreparable harm on a preliminary injunction motion," Pals Grp., Inc. v. Quiskeya

3

Trading Corp., No. 16-23905-CIV, 2017 WL 532299, at *6 (S.D. Fla. Feb. 9, 2017), then twelve months does too. Doc. No. [7], ¶ 20.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Silver's Renewed Motion for Preliminary Injunction (Doc. No. [36]) and his Motion to Compel (Doc. No. [52]).

IT IS SO ORDERED this ___16th___ day of September, 2025.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**