4months,APPEAL

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: <u>1:24−cv−03238−SCJ−AWH</u>

Silver v. National Credit Systems, Inc.

Assigned to: Judge Steve C. Jones

Referred to: Magistrate Judge Anna W. Howard

Cause: 15:1692 Fair Debt Collection Act

Date Filed: 07/22/2024

Jury Demand: Plaintiff

Nature of Suit: 480 Consumer Credit

Jurisdiction: Diversity

**Plaintiff**

| | | |
|---|---|---|
| **Frederick O. Silver** | represented by | **Frederick O. Silver**<br>21905 Mountain Hwy E<br>Unit 4143<br>Spanaway, WA 98387−7583<br>PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **National Credit Systems, Inc.** | represented by | **Jonathan Evan Green**<br>National Credit Systems, Inc.<br>P.O. Box 672288<br>Marietta, GA 30006<br>404−629−9595<br>Email: <u>jgreen@nationalcreditsystems.com</u><br>*ATTORNEY TO BE NOTICED*<br><br>**Katrina M. DeMarte**<br>DeMarte Law, PLLC<br>39555 Orchard Hill Pl<br>Pmb 6338<br>Suite 600<br>Novi, MI 48375<br>313−509−7047<br>Email: <u>katrina@demartelaw.com</u><br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Joel Bray Lackey**

*individually and as an officer of the corporation*

*TERMINATED: 10/24/2024*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/2024 | <u>1</u> | APPLICATION for Leave to Proceed in forma pauperis by Frederick O. Silver. (Attachments: # <u>1</u> Complaint, # <u>2</u> Motion for Permission for Electronic Case Filing, # <u>3</u> |

| | | Proposed Order Granting Motion for Permission for Electronic Case Filing, # 4 Civil Cover Sheet)(gww) (Additional attachment(s) added on 7/24/2024: # 5 Proposed Summons, # 6 Proposed Summons) (gww). (Additional attachment(s) added on 10/24/2024: # 7 Amended Complaint, # 8 Summons, # 9 MJ Consent) (ddm). (Entered: 07/24/2024) |
|---|---|---|
| 07/22/2024 | 2 | PROPOSED SUMMONS filed by Frederick O. Silver (Attachments: # 1 Proposed Summons)(gww) (Entered: 07/24/2024) |
| 07/24/2024 | | Submission of 1 APPLICATION for Leave to Proceed in forma pauperis to Magistrate Judge J. Clay Fuller. (gww) (Entered: 07/24/2024) |
| 07/25/2024 | | Voicemail messages left at both phone numbers for Plaintiff found in the pleadings – Plaintiff should file a notice of mailing address with the Clerk's Office in order to be served with orders and documents in this action – Pro Se Plaintiff's are not permitted to e−file with the Court. (clk) (Entered: 07/25/2024) |
| 07/30/2024 | 3 | NOTICE of Change of Address for Frederick O. Silver. (rsg) (Entered: 07/30/2024) |
| 10/24/2024 | 4 | ORDER GRANTING 1 Plaintiff's Request to Proceed In Forma Pauperis and DENYING Plaintiff's Motion For Permission For Electronic Case Filing [1−2]. The Clerk is to send Plaintiff copies of the USM 285 form, summons, and the initial disclosures form. Plaintiff is to complete the USM 285 form for each Defendant, a summons for each Defendant, and the initial disclosures form and return them to the Clerk of Court within twenty (21) days from the entry date of this Order. Upon receipt of the forms by the Clerk, the Clerk is to prepare a service waiver package for each Defendant. In the event any Defendant does not return the Waiver of Service form to the Clerk of Court within thirty−five (35) days following the date the service waiver package was mailed, the Clerk is to prepare and transmit to the U.S. Marshals Service a service package for that Defendant Signed by Magistrate Judge J. Clay Fuller on 10/24/2024. (ddm) (Entered: 10/24/2024) |
| 10/24/2024 | | Clerk's Certificate of Mailing as to Frederick O. Silver re 4 Order, USM 285form, summons, and the initial disclosures form. (ddm) (Entered: 10/24/2024) |
| 10/24/2024 | 5 | NOTICE to Pro Se Plaintiff. Signed by Magistrate Judge J. Clay Fuller on 10/24/2024. (ddm) (Entered: 10/24/2024) |
| 10/24/2024 | | Clerk's Certificate of Mailing as to Frederick O. Silver re 5 Notice to Pro Se Parties. (ddm) (Entered: 10/24/2024) |
| 10/24/2024 | 6 | COMPLAINT, with Jury Demand, filed by Frederick O. Silver. (Attachments: # 1 Civil Cover Sheet, # 2 Motion, # 3 Text of Proposed Order, # 4 Summons, # 5 Summons)(ddm) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 10/24/2024) |
| 10/24/2024 | 7 | AMENDED COMPLAINT against National Credit Systems, Inc., with Jury Demand, filed by Frederick O. Silver. (Attachments: # 1 Summons, # 2 USM 285)(ddm) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 10/24/2024) |
| 10/24/2024 | 8 | FILED IN ERROR−DOCUMENT REMOVED FROM ENTRY Modified on 10/25/2024 (bgt). (Entered: 10/24/2024) |

| 11/07/2024 | 9 | Corporate Disclosure Statement by Frederick O. Silver. (ddm) (Entered: 11/08/2024) |
| 11/07/2024 | 10 | USM 285 form received for Defendant National Credit System, Inc. (ddm) (Entered: 11/08/2024) |
| 11/07/2024 | 11 | Initial Disclosures by Frederick O. Silver.(ddm) (Entered: 11/08/2024) |
| 11/08/2024 | 12 | REQUEST FOR WAIVER of Service (with copy of 4 Order, 7 Amended Complaint, 11 Initial Disclosures) mailed to National Credit Systems, Inc. on 11/8/2024. If waiver not returned by 12/16/2024, prepare personal service package. (ddm) (Entered: 11/08/2024) |
| 12/18/2024 | 13 | Package prepared and forwarded to USM for service upon National Credit Systems, Inc.. (ddm) (Entered: 12/18/2024) |
| 01/21/2025 | 14 | Package prepared and forwarded to USM for service upon National Credit Systems, Inc.. (ddm) (Entered: 01/21/2025) |
| 02/06/2025 | 15 | Return of Service Executed National Credit Systems, Inc. served on 2/6/2025, answer due 2/27/2025. (ddm) (Entered: 02/06/2025) |
| 02/27/2025 | 16 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by National Credit Systems, Inc.. (Attachments: # 1 Brief)(Green, Jonathan) (Entered: 02/27/2025) |
| 03/05/2025 | 17 | RESPONSE in Opposition to 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Frederick O. Silver. (ddm) (Entered: 03/06/2025) |
| 03/06/2025 | 18 | RESPONSE in Opposition re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Frederick O. Silver. (ddm) (Entered: 03/07/2025) |
| 03/18/2025 | 19 | REPLY BRIEF re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by National Credit Systems, Inc.. (Green, Jonathan) (Entered: 03/18/2025) |
| 03/18/2025 | 20 | Certificate of Interested Persons and Corporate Disclosure Statement by National Credit Systems, Inc.. (Green, Jonathan) (Entered: 03/18/2025) |
| 03/19/2025 | | Submission of 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , to Magistrate Judge J. Clay Fuller. (clk) (Entered: 03/19/2025) |
| 03/27/2025 | 21 | RESPONSE in Opposition to 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Frederick O. Silver. (ddm) (Entered: 03/28/2025) |
| 04/01/2025 | | Case Reassigned to Magistrate Judge Anna W. Howard. Magistrate Judge J. Clay Fuller no longer assigned to case. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 1:24–cv–03238–SCJ–AWH. Please make note of this change in order to facilitate the docketing of pleadings in this case. (jbu) (Entered: 04/01/2025) |
| 04/01/2025 | | Clerk's Certificate of Mailing as to Frederick O. Silver re Case Assigned/Reassigned,. (jbu) (Entered: 04/01/2025) |
| 04/01/2025 | | Submission of 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , to Magistrate Judge Anna W. Howard. (jbu) (Entered: 04/01/2025) |
| 05/15/2025 | 22 | NON–FINAL REPORT AND RECOMMENDATION recommending that National Credit Systems, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint 16 be denied. Signed by Magistrate Judge Anna W. Howard on 05/15/2025. (ddm) (Entered: |

| | | |
|---|---|---|
| | | 05/15/2025) |
| 05/15/2025 | 23 | ORDER for Service of 22 Non–Final Report and Recommendation by Magistrate Judge Anna W. Howard. Each party may file written objections to the Report & Recommendation within 14 days of service. If no objections are filed, the Report & Recommendation may be adopted as the opinion and order of the District Court. Signed by Magistrate Judge Anna W. Howard on 05/15/2025. (ddm) (Entered: 05/15/2025) |
| 05/15/2025 | | Clerk's Certificate of Mailing as to Frederick O. Silver re 23 Order for Service of Report and Recommendation, 22 Non–Final Report and Recommendation. (ddm) (Entered: 05/15/2025) |
| 06/03/2025 | 24 | ORDER adopting the 22 Non–Final Report and Recommendation Opinion and Order of this Court and denying 16 Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Signed by Judge Steve C. Jones on 06/03/2025. (ddm) (Entered: 06/03/2025) |
| 06/03/2025 | | Clerk's Certificate of Mailing as to Frederick O. Silver re 24 Order. (ddm) (Entered: 06/03/2025) |
| 06/04/2025 | | Set Deadlines/Hearings: National Credit Systems, Inc. answer due 6/17/2025. (clk) (Entered: 06/04/2025) |
| 06/10/2025 | 25 | Emergency MOTION for Preliminary Injunction filed by Frederick O. Silver. (ddm) (Entered: 06/11/2025) |
| 06/13/2025 | 26 | ORDER denying 25 Plaintiff's Emergency Motion for Preliminary Injunction. Signed by Judge Steve C. Jones on 06/13/2025. (ddm) (Entered: 06/13/2025) |
| 06/13/2025 | | Clerk's Certificate of Mailing as to Frederick O. Silver re 26 Order. (ddm) (Entered: 06/13/2025) |
| 06/17/2025 | 27 | ANSWER to 7 Amended Complaint by National Credit Systems, Inc.. Discovery ends on 11/14/2025.(Green, Jonathan) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 06/17/2025) |
| 07/02/2025 | 28 | MOTION for Order Requiring Defendant to Produce Notarized Assignment or Contract Assignment filed by Frederick O. Silver. (ddm) (Entered: 07/03/2025) |
| 07/02/2025 | 33 | NOTICE of Change of Address by Frederick O. Silver. (ddm) (Entered: 07/21/2025) |
| 07/16/2025 | 29 | NOTICE of Appearance by Katrina M. DeMarte on behalf of National Credit Systems, Inc. (DeMarte, Katrina) (Entered: 07/16/2025) |
| 07/16/2025 | 30 | RESPONSE in Opposition re 28 MOTION for Order filed by National Credit Systems, Inc.. (DeMarte, Katrina) (Entered: 07/16/2025) |
| 07/17/2025 | 31 | Proposed JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by National Credit Systems, Inc.. (DeMarte, Katrina) (Entered: 07/17/2025) |
| 07/18/2025 | 32 | ORDER directing that Plaintiff file his Preliminary Report and Discovery Plan and serve the Initial Disclosures within 14 days from the date of entry of this Order. Plaintiff is further ORDERED to file his Certificate of Interested Persons within 14 days from the date of entry of this Order. Plaintiff is advised that failure to comply with a lawful order of this Court could result in a recommendation to the District Judge that the complaint be dismissed. Signed by Magistrate Judge Anna W. Howard on |

| | | |
|---|---|---|
| | | 07/18/2025. (ddm) (Entered: 07/18/2025) |
| 07/18/2025 | | Clerk's Certificate of Mailing as to Frederick O. Silver re 32 Order. (ddm) (Entered: 07/18/2025) |
| 07/21/2025 | | Clerk's Certificate of Re–Mailing (to new address at 33 ) as to Frederick O. Silver re 32 Order. (ddm) (Entered: 07/21/2025) |
| 07/21/2025 | 34 | REPLY BRIEF in support of 28 Motion filed by Frederick O. Silver. (ddm) (Entered: 07/22/2025) |
| 07/22/2025 | | Submission of 28 MOTION for Order, to Magistrate Judge Anna W. Howard. (clk) (Entered: 07/22/2025) |
| 07/23/2025 | 35 | CERTIFICATE OF SERVICE *of Defendants Responses or Objections to Plaintiffs First and Second Sets of Discovery* by National Credit Systems, Inc..(DeMarte, Katrina) (Entered: 07/23/2025) |
| 07/25/2025 | 36 | Renewed MOTION for Preliminary Injunction filed by Frederick O. Silver. (ddm) (Entered: 07/28/2025) |
| 07/25/2025 | 37 | MOTION to Expedite Proceedings and Request for Priority Scheduling filed by Frederick O. Silver. (ddm) (Entered: 07/28/2025) |
| 07/28/2025 | 38 | Certificate of Interested Persons and Corporate Disclosure Statement by Frederick O. Silver. (ddm) (Entered: 07/28/2025) |
| 07/28/2025 | 39 | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Frederick O. Silver. (ddm) (Entered: 07/28/2025) |
| 07/28/2025 | 40 | MOTION for Judicial Determination regarding Merit of Plaintiff's Filings and to Prevent Further Baseless Accusations by Defendant's Counsel filed by Frederick O. Silver. (ddm) (Entered: 07/28/2025) |
| 07/29/2025 | 41 | SCHEDULING ORDER approving the parties' [31, 39] Joint Preliminary Report and Discovery Plans. Plaintiff's request for extension of discovery is GRANTED and the discovery period shall be extended up to and including January 30, 2026. Signed by Magistrate Judge Anna W. Howard on 07/29/2025. (ddm) (Entered: 07/29/2025) |
| 07/29/2025 | 42 | Guidelines for Discovery and Motion Practice. Signed by Magistrate Judge Anna W. Howard on 07/29/2025. (ddm) (Entered: 07/29/2025) |
| 07/29/2025 | | Clerk's Certificate of Mailing as to Frederick O. Silver re [41,42] Orders. (ddm) (Entered: 07/29/2025) |
| 07/31/2025 | | NOTICE OF VIDEO PROCEEDING : Scheduling Conference set for 8/14/2025 at 11:00 AM via Zoom before Magistrate Judge Anna W. Howard. Connection Instructions: Join ZoomGov Meeting https://ganduscourts.zoomgov.com/j/1612127074 Meeting ID: 161 212 7074 Passcode: 0814 The procedure for filing documentary exhibits admitted during the proceeding is available here. *Photographing, recording, or broadcasting of any judicial proceedings, including proceedings held by video teleconferencing or telephone conferencing, is strictly and absolutely prohibited.* (clk) (Entered: 07/31/2025) |
| 08/07/2025 | 43 | CERTIFICATE OF SERVICE *of Defendant's First Set of Written Discovery* by National Credit Systems, Inc..(DeMarte, Katrina) (Entered: 08/07/2025) |

| 08/11/2025 | 44 | RESPONSE in Opposition re 37 MOTION to Expedite, 25 MOTION for Preliminary Injunction, 36 Renewed MOTION for Preliminary Injunction *(Omnibus)* filed by National Credit Systems, Inc.. (DeMarte, Katrina) Modified on 8/12/2025 to edit docket entry (ddm). (Entered: 08/11/2025) |
|---|---|---|
| 08/14/2025 | 45 | Minute Entry for proceedings held before Magistrate Judge Anna W. Howard: Discovery conference held on 8/14/2025; Court verbally rules on Plaintiff's pending motions; verbal ORDER denying as premature 28 Motion for Order; denying as moot 37 Motion to Expedite; and denying as moot 40 Motion for Judicial Determination; Plaintiff is directed to familiarize himself with the Federal Rules of Civil Procedure and Local Rules of this Court. Plaintiff notified the court that he has recently mailed another discovery motion that is being filed prematurely. The Court will deny the motion as such upon receipt. (Tape #Zoom)(clk) (Entered: 08/14/2025) |
| 08/18/2025 | 46 | REPLY to Response to Motion re 25 MOTION for Preliminary Injunction, 36 MOTION for Preliminary Injunction, 37 MOTION to Expedite, filed by Frederick O. Silver. (rsg) (Entered: 08/19/2025) |
| 08/19/2025 | 47 | CERTIFICATE OF SERVICE Responses and Objections to Defendant's First Request for Production of Documents by Frederick O. Silver.(rsg) (Entered: 08/19/2025) |
| 08/19/2025 | 48 | MOTION to Compel Discovery and for Sanctions by Frederick O. Silver. (rsg) (Entered: 08/19/2025) |
| 08/19/2025 | 49 | CERTIFICATE OF SERVICE Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories by Frederick O. Silver.(rsg) (Entered: 08/19/2025) |
| 08/19/2025 | 50 | CERTIFICATE OF SERVICE *of Defendants First Document Production* by National Credit Systems, Inc..(DeMarte, Katrina) (Entered: 08/19/2025) |
| 08/20/2025 | | Submission of 36 MOTION for Preliminary Injunction, to District Judge Steve C. Jones. (clk) (Entered: 08/20/2025) |
| 08/20/2025 | | (Minute entry) ORDER withdrawing 48 Motion to Compel and Motion for Sanctions pursuant to Plaintiff's directive at the 8/14/2025 discovery conference. Doc. 45.. Signed by Magistrate Judge Anna W. Howard on 8/20/2025. (clk) (Entered: 08/20/2025) |
| 08/21/2025 | 51 | CERTIFICATE OF SERVICE re discovery documents filed by Frederick O. Silver.(ddm) (Entered: 08/21/2025) |
| 09/08/2025 | 52 | MOTION to Compel Defendant to Cease Credit Reporting Pending Litigation filed by Frederick O. Silver. (ddm) (Entered: 09/08/2025) |
| 09/17/2025 | 53 | CERTIFICATE OF SERVICE *of Responses and Objections to Plaintiff's Discovery Requests* by National Credit Systems, Inc..(DeMarte, Katrina) (Entered: 09/17/2025) |
| 09/18/2025 | 54 | ORDER DENYING Silver's Renewed Motion for Preliminary Injunction (Doc. No. 36 ) and his Motion to Compel (Doc. No. 52 ). Signed by Judge Steve C. Jones on 09/16/2025. (ddm) (Entered: 09/18/2025) |
| 09/18/2025 | | Clerk's Certificate of Mailing as to Frederick O. Silver re 54 Order. (ddm) (Entered: 09/18/2025) |
| 09/23/2025 | 55 | NOTICE OF APPEAL as to 54 Order on Motion for Preliminary Injunction, Order on Motion to Compel by Frederick O. Silver. Case Appealed to USCA– 11th Circuit. Transcript Order Form due on 10/7/2025. (pjm) (Entered: 09/24/2025) |

| 09/24/2025 | 56 | Deficiency Letter issued to Appellant re: 55 Notice of Appeal filed by Frederick O. Silver. Reasons for deficiency: Transcript Order Form not completed. (pjm) (Entered: 09/24/2025) |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FREDERICK O. SILVER,           :
                               :
    Plaintiff,            :
                               :
v.                             :     Civil Action No.
                               :     1:24-CV-03238-SCJ-JCF
NATIONAL CREDIT SYSTEMS,       :
INC. and JOEL BRAY LACKEY,     :
Individually and as an officer of the   :
corporation,                   :
                               :
    Defendants            :

## ORDER

This case is before the Court on Plaintiff's request to proceed *in forma pauperis* (Doc. 1) and his Motion For Permission For Electronic Case Filing (Doc. 1-2).

## I.    Request To Proceed *In Forma Pauperis*

Plaintiff, who is proceeding *pro se*, seeks to file this action without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a). After consideration of Plaintiff's affidavit in support of his request to proceed *in forma pauperis* (Doc. 1), the Court **GRANTS** Plaintiff's request pursuant to 28 U.S.C. § 1915(a), and Plaintiff shall be allowed to proceed with this action without prepayment of filing or United States Marshal Service fees.

## II.    Motion To Use CM-ECF

1

Plaintiff requests permission to use the Court's electronic case filing system ("CM-ECF"). (Doc. 1-2). This Court has addressed this issue in its Standing Order 19-01 In re:  Revised Electronic Case Filing Standing Order and Administrative Procedures governing electronic filing (*see* Appendix H to Local Rules, NDGa.). That authority dictates that only attorneys in good standing admitted to practice before this Court may be registered users of the Court's electronic filing system (ECF). (*See* App. H – 2). "Pro se litigants who are not attorneys in good standing admitted to the Bar of this Court," such as Plaintiff, "must file all documents with the Court in paper form."  (*See* App. H - 3; *see also* App. H – A7 ("A party proceeding *pro se* shall not file electronically unless the party is an attorney in good standing admitted to practice before this Court."); App. H - A22 ("Pro se filers shall file paper originals of all complaints, pleadings, motions, affidavits, briefs, and other documents")). And the Court provides Notices of Electronic Filing only to registered users of ECF (*see* App. H – A11), who must be members of the Bar of this Court as stated above.[1]  Plaintiff is not a member of the Bar of this Court, and therefore, this Court's Standing Order No. 19-01 and Administrative Procedures prohibit him from

---

[1] The Administrative Procedures require the filing party to serve a copy of the Notice of Electronic Filing along with a copy of filed documents to a recipient who is not a registered participant of ECF and that service of the Notice of Electronic Filing "may be accomplished by email" (*see* App. H – A12), but that Rule contemplates that it is the registered user who provides that Notice to a *pro se* litigant, not the Court.

using the Court's electronic filing system and receiving electronic notifications from the Court.

The Administrative Procedures do allow the Clerk's Office "or any judge of this court" to "deviate from these procedures in specific cases, without prior notice, if deemed appropriate in the exercise of discretion, considering the need for the just, speedy, and inexpensive determination of matters pending before the court." (App. H - A7). Plaintiff asserts that he will "abide by" the Court's requirements for e-filing and has the technical ability to do so (Doc. 1-1), but those assertions fall short of justifying a deviation from the Court's electronic filing and notification procedures. Critically, Plaintiff has not shown that he has difficulties in using the mail to send and receive filings to and from counsel and the Court or that such difficulties are necessarily more onerous than those experienced by any *pro se* plaintiff. The Court also notes that the Court's Administrative Procedures provide that "[a]ccess to the electronic docket and documents filed in ECF is available to the public at no charge at the Clerk's Office during regular business hours." (App. H - A24). Plaintiff may also subscribe to the Public Access to Court Electronic Records ("PACER") system and pay a user fee in order to "remotely access[ ] certain detailed case information, such as filed documents and docket sheets in civil cases, but excluding review of calendars and similar general information." (App. H – A25). Accordingly, Plaintiff has not shown that he does not have sufficient access to the filings in this case.

Plaintiff's Motion For Permission For Electronic Case Filing (Doc. 1-2) is therefore **DENIED.** *See, e.g.*, *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 Fed. Appx. 874, 878 (11th Cir. 2011) (unpublished decision) (affirming district court's denial of *pro se* plaintiff's access to CM/ECF to receive electronic notifications because the plaintiff did not show good cause); *Oliver v. Cnty. of Chatham*, No. CV417-101, 2017 U.S. Dist. LEXIS 90362, at *1 (S.D. Ga. June 13, 2017) (noting that "[p]ro se plaintiffs are unable to use this system absent court authorization, which is sparingly granted," and denying *pro se* plaintiff's motion for CM-ECF access); *Dunn-Fischer v. Dist. Sch. Bd.*, No. 2:10-cv-512-FtM-29SPC, 2010 U.S. Dist. LEXIS 98253, at *2 (M.D. Fla. Sept. 7, 2010) (denying *pro se* plaintiff's request for permission to access CM/ECF because "[i]t is the District's preferred policy to disallow *pro se* litigants access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures," and the plaintiff had not shown good cause); *Jacobs v. Sears, Roebuck & Co.*, No. 1:08-CV-3253-JTC, 2009 U.S. Dist. LEXIS 136257, at *2-3 (N.D. Ga. Jan. 28, 2009) (denying *pro se* plaintiff's motion to allow him to electronically access documents).

## III.   <u>Review Of Plaintiff's Complaint Pursuant To 28 U.S.C. § 1915(e)</u>

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.

4

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

"Additionally, because Plaintiff [is] acting pro se, [his] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United*

*States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

Plaintiff alleges that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Doc. 1-1). Liberally construing the allegations in Plaintiff's Complaint, the Court cannot find at this point that Plaintiff's action is frivolous or malicious. Therefore, the Court will allow this case to proceed as any other civil action. By allowing this action to proceed to service on Defendants, the Court makes no finding that Plaintiff's claims would necessarily withstand a motion to dismiss on any appropriate ground, including but not limited to failure to state a claim on which relief can be granted, and the Court reaches no conclusions about possible defenses Defendants may assert. The Court is simply allowing the complaint to be served on Defendants, thus requiring a responsive pleading and/or motion. *See, e.g.*, *Livingston v. City of Syracuse*, No. 7:15-CV-475 (GLS/ATB), 2015 U.S. Dist. LEXIS 54261, at *8 (N.D. N.Y. Apr. 27, 2015) ("Based on the liberality with which pro se complaints are handled, this court will allow this action to proceed. This court makes no finding as to the ultimate merits of the case or whether it would survive a motion to dismiss or one for summary judgment.").

The Clerk is hereby **DIRECTED** to send Plaintiff copies of the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form for each Defendant, a summons for each Defendant, and the initial disclosures form and return them to the Clerk of Court within twenty (21) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include two (2) Notices of Lawsuit and Request to Waive Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the Complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms and the summons.

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If any Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal

7

service unless good cause can be shown for failure to return the Waiver of Service form.

In the event any Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for that Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the Complaint. Upon receipt of the service package, the U.S. Marshal's Service is **DIRECTED** to personally serve Defendant(s). The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants' counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant's counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is cautioned that the failure to do so may result in the dismissal of this action.

### **Summary**

8

Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED**, and this case shall proceed to service on Defendants as outlined above. Plaintiff's Motion For Permission For Electronic Case Filing (Doc. 1-2) is **DENIED**.

**IT IS SO ORDERED** this <u>24th</u> day of <u>October</u>, 2024.

*/s/ J. Clay Fuller*
J. CLAY FULLER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FREDERICK O. SILVER,                    :
                                        :
     Plaintiff,                        :
                                        :
v.                                      :       Civil Action No.
                                        :       1:24-CV-03238-SCJ-AWH
NATIONAL CREDIT SYSTEMS,                :
INC.                                    :
                                        :
     Defendant.                        :

## <u>NON-FINAL REPORT AND RECOMMENDATION</u>

This case is before the Court on the Motion to Dismiss [16] filed by

Defendant National Credit Systems, Inc. ("NCS"). For the reasons discussed

below, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED**.

## <u>Background</u>

This Court granted Plaintiff's application to proceed *in forma pauperis* on

October 24, 2024. <u>See</u> Docs. 1, 4, 6. Plaintiff amended his complaint the same day.

Doc. 7. On February 27, 2025, Defendant filed the instant motion, which has since

been fully briefed. Docs. 16–19.[1]

---

[1] Plaintiff filed what he styled as a "response in opposition" brief on March 27,
2025. Doc. 21. Plaintiff filed this document after Defendant filed its Motion to
Dismiss [16], Plaintiff filed his (two) responses in opposition [17, 18], and
Defendant filed its reply [19]. Generally speaking, parties are not entitled to file
surreplies. <u>See generally</u> LR 7.1, NDGa. Thus, the Court will not consider
Plaintiff's "response" brief filed on March 27, 2025. The Court will, however,

## **Plaintiff's Allegations**[2]

Plaintiff began receiving phone calls from NCS regarding a debt NCS alleged he owed. Doc. 7 ¶ 19. He "immediately" let NCS know that he disputed the debt. Id. Upon checking his credit profile, he found "a negative report" from NCS for a debt balance of over $25,000. Id. ¶ 20. He first noticed the debt around July of 2024, id. ¶ 21, and he was "unaware of[] and did not owe to defendant" the debt that NCS claimed he owed, id. ¶ 22. Plaintiff disputed "the accuracy of the trade lines of Defendant" with Trans Union, Experian, and Equifax (the "CRAs"). Id. ¶ 23. He adds that each CRA acknowledged receipt of his dispute, id. ¶ 24, and that in response to his disputes, NCS "did not correct the inaccuracies within the trade lines" but "instead notified Plaintiff that these accounts had been 'verified,' " id. ¶ 25. The CRAs continue "to report the trade line of Defendant inaccurately" and neither NCS nor the CRAs have "marked this trade line as 'disputed.' " Id. ¶¶ 26–27. Plaintiff alleges various forms of injury stemming from the alleged conduct of NCS, including a drop in credit score, rental denials, loss of credit and loan

consider Plaintiff's first and second response briefs in light of his *pro se* status. See Docs. 17, 18. Taken together, the briefs are still under the 25-page limit. See LR 7.1(D), NDGa. However, the Court **WARNS** Plaintiff that multiple briefs are not permitted, and going forward, the Court will only consider Plaintiff's first-filed brief.

[2] All facts are drawn from the Complaint and taken in the light most favorable to Plaintiff unless otherwise indicated.

2

opportunities, elevated interest rate and finance charges, physical, emotional, and mental pain and anguish, dignitary harm, and injury to reputation. Id. ¶¶ 28–35.

Plaintiff asserts two claims. First, he asserts a claim under the Fair Credit Reporting Act ("FCRA"). Id. ¶¶ 36–47. He claims that NCS is liable under 15 U.S.C. §§ 1681n and 1681o for willfully and negligently (1) failing to properly and timely delete inaccurate information from Plaintiff's credit files, and (2) continuing to furnish and disseminate inaccurate information and "derogatory negative reporting" despite having knowledge of its inaccuracy. Id. ¶¶ 39–41. Plaintiff also contends that Defendant willfully and negligently failed to comply with § 1681s-2(b). Id. ¶ 42. He adds various allegations in connection with § 1681s-2(a). Id. ¶¶ 43–46. Second, he asserts a claim under the Fair Debt Collection Practices Act ("FDCPA"). Id. ¶¶ 48–52. Plaintiff alleges that NCS's acts "constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA." Id. ¶ 49.

## Discussion

### I. Motion To Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

3

to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Iqbal</u>, 556 U.S. at 678–79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." <u>Id.</u> at 679.

To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (internal citations omitted); <u>see also</u> <u>Redland Co. v. Bank of Am. Corp.</u>, 568 F.3d 1232, 1234 (11th Cir. 2009) (explaining that "[t]o survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed" (internal quotation omitted)). The Court is not

4

required "to accept as true a legal conclusion couched as a factual allegation."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

"Additionally, because Plaintiff [is] acting pro se, [his] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " Shields v. Bank of Am., No. 2:11-CV-00267-RWS, 2012 WL 763121, at *1 (N.D. Ga. Mar. 7, 2012) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

## II.   Plaintiff's FCRA Claim

Defendant argues that Plaintiff has failed to state a valid claim under the FCRA. Doc. 16-1 at 3–5. More specifically, Defendant argues first that the "only private right of action a consumer has against a furnisher is [the] requirement that a furnisher conduct a reasonable investigation following notice of a dispute." Id. at 4 (citing Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305, 1312 (11th Cir. 2018)). Defendant adds that here, Plaintiff "makes no allegations that the CRAs forwarded the disputes to the Defendant. Plaintiff also makes no allegation concerning the nature of the dispute, which would aid in establishing that any subsequent investigation was unreasonable." Doc. 16-1 at 5. Defendant concludes by

5

contending that Plaintiff "makes no allegations concerning [the] reasonableness of the investigation [by] the Defendant." Id.

Section 1681s-2(a) does not provide a private right of action. See, e.g., Turner v. Wells Fargo Dealer Servs., Inc., No. 1:17-cv-01257-TCB-CMS, 2017 WL 8220605, at *4 (N.D. Ga. Oct. 23, 2017). Section 1681s-2(b), however, "does provide consumers with a private right of action . . . but only if the furnisher received notice of the consumer's dispute from a CRA." Id. (citing Green v. RBS Nat'l Bank, 288 F. App'x 641, 642 (11th Cir. 2008)). "A furnisher's duties under the statute are not triggered, however, until after a furnisher receives notice from a CRA of a consumer's dispute with regard to the completeness or accuracy of the information in a consumer's credit report." Turner, 2017 WL 8220605, at *4 (citing 15 U.S.C. § 1681s-2(b)).

In order to state a valid claim under § 1681s-2(b), a plaintiff must allege that: (1) he notified a CRA that he disputed the completeness or accuracy of information in his credit report; (2) the CRA gave notice of the dispute to the appropriate furnisher; and (3) the furnisher either (a) failed to conduct a reasonable investigation of the identified dispute, (b) failed to review all of the relevant information provided by the CRA, (c) failed to report the results of its investigation to the notifying CRA, or, (d) if an item is found to be inaccurate, incomplete, or unverifiable, that the furnisher failed to modify, delete, or permanently block the

6

reporting of that information. <u>Turner</u>, 2017 WL 8220605, at *4; <u>Mosley v.</u>

<u>Monterey Fin. Servs., LLC</u>, No. 1:16-cv-03614-MHC-AJB, 2017 WL 8186861, at

*3 (N.D. Ga. May 10, 2017). The Eleventh Circuit has declared that a § 1681s-2(b)

claim "cannot survive a motion to dismiss without some supportable allegation that

the reported information is inaccurate or incomplete." <u>Leones v. Rushmore Loan</u>

<u>Mgmt. Servs., LLC.</u>, 749 F. App'x 897, 901 (11th Cir. 2018) (citing <u>Felts</u>, 893

F.3d at 1313).

Because Defendant only focuses on whether the CRAs gave notice of the

dispute and the investigation's reasonableness in its Motion to Dismiss, the Court

does the same. First, construing the facts in the light most favorable to Plaintiff, the

Court understands Plaintiff's Complaint to allege that the CRAs gave notice of the

dispute to Defendant. In paragraph 25 of the Complaint, Plaintiff states that "[i]n

response to Plaintiff's dispute to them, Defendant, [NCS], did not correct the

inaccuracies within the trade lines of [NCS], and instead notified Plaintiff that

these accounts had been 'verified.' "  Doc. 7 ¶ 25. Liberally construing this

allegation, which the Court is required to do in light of Plaintiff's *pro se* status, the

Court finds that Plaintiff has alleged that the CRAs notified Defendant of the

dispute. <u>See</u> <u>Shields</u>, 2012 WL 763121, at *1 ("Additionally, because Plaintiff [is]

acting pro se, [his] 'pleadings are held to a less stringent standard than pleadings

drafted by attorneys and will, therefore, be liberally construed.' ").

7

Second, the Court disagrees with Defendant insofar as it argues that Plaintiff does not allege a failure to conduct a reasonable investigation. For example, in paragraph 40 of his Complaint, Plaintiff alleges that Defendant failed "to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being provided with proof of its inaccuracy." Doc. 7 ¶ 40. Assuming that this allegation is true, and liberally construing Plaintiff's allegation in light of his *pro se* status, the Court understands this paragraph as alleging a failure to conduct a reasonable investigation. See also id. ¶ 41 (alleging that Defendant continued to "furnish and disseminate inaccurate information . . . despite having knowledge of its inaccuracy.").

But even if Plaintiff had not alleged a failure to conduct a reasonable investigation, his claim would not fail on that ground alone as there are three other routes to liability outside of an unreasonable investigation that Defendant has not challenged. See Turner, 2017 WL 8220605, at *4 ("Plaintiff must plead and establish . . . that Defendant did *any one of the following*:" (1) failed to reasonably investigate; (2) failed to review all relevant information; (3) failed to report results to CRAs; *or* (4) if an item of information disputed by Plaintiff was found inaccurate or incomplete, that Defendant failed to modify, delete, or block the reporting of that information (emphasis added)). Because the Court finds that Plaintiff alleges the CRAs forwarded Plaintiff's disputes to Defendant and that

8

Plaintiff has alleged a failure to conduct a reasonable investigation, it is

**RECOMMENDED** that NCS's Motion to Dismiss [16] with respect to Plaintiff's

FCRA claim be **DENIED**.

## III.   **Plaintiff's FDCPA Claim**

Defendant argues that "although Plaintiff alleges that [] he is a consumer, he

fails to make any allegations concerning the debt-other than [as] it relates to

'unpaid rent.' There [are] no allegations to show what the rent was for." Doc. 16-1

at 6. Moreover, Defendant argues that "Plaintiff states that he does not 'recognize

the debt.' Given that he has disavowed any knowledge of the debt, he certainly

cannot establish that the 'rent' was primarily for personal, family or household

purposes." Id. at 6–7 (noting that it is a plaintiff's burden to establish that the

complained of practices were used in an attempt to collect a "debt" as that term is

defined by 15 U.S.C. § 1692a(5)).

Under the FDCPA, "a plaintiff must make a threshold showing that the

money being collected qualifies as a 'debt.' " Oppenheim v. I.C. Sys., Inc., 627

F.3d 833, 837 (11th Cir. 2010). The FDCPA defines a debt as "any obligation or

alleged obligation of a consumer to pay money arising out of a transaction in

which the money, property, insurance, or services which are the subject of the

transaction are primarily for personal, family, or household purposes." Id. (quoting

15 U.S.C. § 1692a(5)).

Because Defendant only argues that Plaintiff makes "no allegations to show what the rent was for" and that given that Plaintiff "has disavowed any knowledge of the debt, he certainly cannot establish that the 'rent' was primarily for personal, family or household purposes," the Court limits its discussion to these arguments. Doc. 16-1 at 6–7. First, the Court disagrees insofar as Defendant contends that Plaintiff fails to show the rent's purpose. Plaintiff explicitly alleges that the alleged debt was for "unpaid rent," Doc. 7 ¶ 22, and paragraph 21 provides that the creditor was an apartment complex. See id. ¶ 21 (alleging that the creditor was "MAA BENDON APTS / MAA").[3] Moreover, the fact that Plaintiff "disavowed any knowledge of the debt" does not foreclose an FDCPA claim. Indeed, the statute itself defines "debt" as "any obligation *or alleged obligation* of a consumer to pay money arising out of a transaction." 15 U.S.C. § 1692a(5) (emphasis added). Thus, because the statute includes an "alleged" obligation to pay under its definition of a "debt," disavowing that the debt is actually owed does not foreclose an FDCPA claim. In addition, to the extent Defendant argues that an alleged rental debt for an apartment is not for personal, family, or household purposes, the Court disagrees. See, e.g., Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361,

---

[3] Liberally construing the facts in the light most favorable to Plaintiff, the Court understands "APT" as an abbreviation of "apartment." See Shields, 2012 WL 763121, at *1; see also Resnick v. AvMed, Inc., 693 F.3d 1317, 1321–22 (11th Cir. 2012) ("We state the facts as alleged in the Complaint, accept them as true, and construe them in the light most favorable to Plaintiffs.").

10

1367–68 (M.D. Fla. 2002) (noting that an interest in an RV park was for personal or family purposes and citing Seventh Circuit cases holding that condominium-related assessments qualified as having a personal, family, or household purpose).

Because the Court finds that Plaintiff sufficiently alleges at this stage what the rent was for and that it was primarily for personal, family, or household purposes, it is **RECOMMENDED** that NCS's Motion to Dismiss [16] with respect to Plaintiff's FDCPA claim be **DENIED**.

## <u>Conclusion</u>

It is **RECOMMENDED** that NCS's Motion to Dismiss Plaintiff's Amended Complaint [16] be **DENIED**.

**IT IS SO REPORTED AND RECOMMENDED** this <u>15th</u> day of <u>May</u>, 2025.

_____
Anna W. Howard
United States Magistrate Judge

11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FREDERICK O. SILVER,

    **Plaintiff,**

**v.**

NATIONAL CREDIT SYSTEMS, INC.,

    **Defendant.**

CIVIL ACTION FILE

No. 1:24-CV-03238-SCJ-AWH

<u>**ORDER**</u>

    This matter appears before the Court on Renewed Motion for Preliminary Injunction from Plaintiff Frederick O. Silver. Doc. No. [36].[1] The Court **DENIES** this motion because twelve months have lapsed since Defendant National Credit Systems, Inc. allegedly harmed him. Doc. No. [7], ¶ 20. For the same reason, Silver's Motion to Compel (Doc. No. [52]) is **DENIED** because, despite the title, it seeks injunctive relief, too.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

## I.     BACKGROUND

Twelve months ago, Silver sued National Credit under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Doc. No. [7], ¶¶ 36–47, ¶¶ 48–52. For relief, Silver sought compensatory and punitive damages, as well as an injunction. Id. ¶ 52.

The allegations relevant to the *renewed*, emergency preliminary injunction follow. At least twelve months ago, National Credit reported a debt purportedly owed by Silver to the credit reporting bureaus. Id. ¶ 20. As reiterated a month ago, and again today, Silver "disputes the accuracy and validity of [the] debt reported by" National Credit. See Doc. No. [25], 2; Doc. No. [36], 1 (same). In consequence, Silver has been "denied access to housing and credit." Doc. No. [36], 1. This, too, according to Silver, was true twelve months ago. See, e.g., Doc. No. [7], ¶ 28.

## II.     LEGAL STANDARD

A preliminary injunction hinges on four factors. Fed. R. Civ. P. 65. First, whether "there is a substantial likelihood of success on the merits." Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (citation omitted). Second, whether it "is necessary to prevent irreparable injury." Id.

2

Third, whether "the threatened injury outweighs the harm [the preliminary injunction] would cause to the non-movant." Id. Fourth, whether the preliminary injunction "would be adverse to the public interest." Id.

A movant must establish each factor because injunctive relief is an extraordinary and drastic remedy. Siegel v. LePore, 234 F. 3d 1163, 1176 (11th Cir. 2000). The decision to grant preliminary injunctive relief thus lies within the broad discretion of the district court. Majd–Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 902 (11th Cir. 1984).

## III. ANALYSIS

Silver cannot establish all four factors because "by sitting on [his] rights" for twelve months, let alone "a few," he "has squandered any corresponding entitlement to injunctive relief." Alabama v. United States Dep't of Com., 546 F. Supp. 3d 1057, 1073–74 (M.D. Ala. 2021) (citation omitted). "[A] party requesting a preliminary injunction must generally show reasonable diligence." Benisek v. Lamone, 585 U.S. 155, 159 (2018) (citation omitted). And if the Eleventh Circuit has "held that unexplained delays of a few months negate any claim of irreparable harm on a preliminary injunction motion," Pals Grp., Inc. v. Quiskeya

3

Trading Corp., No. 16-23905-CIV, 2017 WL 532299, at *6 (S.D. Fla. Feb. 9, 2017),

then twelve months does too. Doc. No. [7], ¶ 20.

IV.   **CONCLUSION**

For these reasons, the Court **DENIES** Silver's Renewed Motion for

Preliminary Injunction (Doc. No. [36]) and his Motion to Compel (Doc. No. [52]).

**IT IS SO ORDERED** this ___16th___ day of September, 2025.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

4



FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

SEP 23 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

FREDERICK O. SILVER
2410 WOODLAKE PARKWAY
Unit #1117 CONVERSE TX 78109
E-mail: ASCLV1@gmail.com
Tel: (702) 473-0365

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA.
### ATLANTA DIVISION.

FREDERICK O. SILVER
   Plaintiff,
  vs.

NATIONAL CREDIT SYSTEMS, INC.
   Defendant.

CASE NO: 1:24-CV-03238-SCJ-JCF

District Judge: Steve C Jones

Magistrate Judge: Anna W. Howard

## NOTICE OF INTERLOCUTORY APPEAL.

NOTICE IS HEREBY GIVEN that Plaintiff, Frederick O. Silver, pro se, appeals to the United States Court of Appeals for the Eleventh Circuit from the District Court's Order Denying Plaintiff's Renewed Motion for Preliminary Injunction (Dkt. 36) and Motion to Compel (Dkt. 52), entered on September 18, 2025. This order refused injunctive relief and is immediately appealable under 28 U.S.C. § 1292(a)(1).

## ISSUES ON APPEAL

1. Whether the District Court erred in holding that Plaintiff's delay in filing a renewed motion bars a finding of irreparable harm, where Plaintiff has demonstrated ongoing and continuing harm from Defendant's credit reporting that persists daily, including housing denials and reputational damage.

2. Whether the District Court misapplied precedent by treating a twelve-month period as fatal to irreparable harm without considering that Plaintiff's injuries are continuing and not speculative, distinguishing this case from Benisek v. Lamone, 585 U.S. 155 (2018).

3.  Whether the District Court abused its discretion by failing to consider the ongoing nature of the harm and Plaintiff's evidence of current adverse consequences in evaluating the preliminary injunction factors.

4.  Whether the District Court erred in denying Plaintiff's Motion to Compel (Dkt. 52) by construing it solely as a request for injunctive relief, rather than addressing Defendant's failure to comply with discovery obligations.

5.  Whether the District Court erred in declining to consider the balance of equities and public interest factors, despite Plaintiff's showing that the equities favor preventing ongoing inaccurate reporting and that the public interest strongly supports enforcement of consumer protection statutes.

### **PRAYER**

Plaintiff respectfully requests that the United States Court of Appeals for the Eleventh Circuit:

- Accept this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1);
- Review the District Court's September 18, 2025 Order (Dkt. 55);
- Reverse the denial of Plaintiff's renewed motion for preliminary injunction and motion to compel; and
- Remand with instructions to grant appropriate injunctive relief or, alternatively, to conduct an evidentiary hearing and compel discovery responses.

Respectfully submitted this 19th Day of September 2025.


FREDERICK O. SILVER
2410 WOODLAKE PARKWAY
UNIT #1117 CONVERSE TX 78109
E-MAIL: ASCLV1@GMAIL.COM
TEL: (702) 473-0365

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September 2025, I caused a true and correct copy of the foregoing Notice of Interlocutory Appeal to be served on all parties through the Court's CM/ECF system, which will send electronic notice to Defendant's counsel of record.

I certify that a true and correct copy of this document was mailed to the Clerk of Court United States District Court for the Northern District of Georgia

FREDERICK O. SILVER
2410 WOODLAKE PARKWAY
UNIT #1117 CONVERSE TX 78109
E-MAIL: ASCLV1@GMAIL.COM
TEL: (702) 473-0365

TACOMA WA 983
OLYMPIA WA
19 SEP 2025 PM 3 L

**United States Courthouse**
**121 Spring Street SE Room 201**
**Gainesville, GA 30501-3789**

30501-378951

FREDERICK SILVER
21905 Mountain HWY E
Unit A143
Spanaway WA 98387-7583

CLEARED SECURITY

SEP 2 3 2025

U.S. MARSHALS SERVICE
Gainesville, GA