FREDERICK SILVER
21905 MOUNTAIN HWY E UNIT 4143,
SPANAWAY, WA 98387-7583
E-mail: ASCLV1@gmail.com
Tel: (702) 473-0365



# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA.

## ATLANTA DIVISION.

FREDERICK SILVER
    Plaintiff,
vs.

NATIONAL CREDIT SYSTEMS, INC.;
MID-AMERICA APARTMENT
COMMUNITIES, INC., A Brad Hill as CEO,
A CLAY HOLDER as CFO,
LESLIE WOLFGANG as Secretary.
    Defendants.

CASE NO: 1:24-cv-03238

District Judge: Steve C Jones

Magistrate Judge: Anna W. Howard

## PLAINTIFF'S REPLY AND RENEWED MOTION TO COMPEL DISCOVERY AND PROOF OF THE ALLEGED DEBT.

Plaintiff Frederick O. Silver submits this Reply and Renewed Motion to Compel. Defendant's opposition does not address the core issue before the Court:

1. Defendant continues to refuse to provide ANY proof that Plaintiff owes National Credit Systems, Inc. any debt whatsoever.

Despite Plaintiff's written discovery requests, Defendant has failed to produce:

1. **Any contract** allegedly signed by Plaintiff
2. **Any lease agreement**
3. **Any ledger or account statement**
4. **Any assignment, transfer, or ownership documents**
5. **Any communications from any original creditor**
6. **Any FCRA-required investigation records**
7. **Any documents identifying the underlying "debt"** they reported to the CRAs

Without these documents, Defendant cannot establish:

- That a debt exists
- That Plaintiff owes the debt
- That NCS legally owns or is authorized to collect it
- That NCS's reporting was accurate
- That any investigation was conducted under 15 U.S.C. §1681s-2(b)

**2. Plaintiff served proper discovery requests. Defendant did not respond.**

Plaintiff propounded interrogatories and document requests seeking:

- Verification of debt
- Documents supporting the tradeline
- Identification of the original creditor
- Proof of ownership
- Itemization of the alleged balance
- CRA dispute investigation records

Defendant:

✘ Provided no complete answers
✘ Produced no documents
✘ Objected without substance
✘ Refused to verify the debt
✘ Did not cure deficiencies after Plaintiff notified them

This is a clear violation of:

- **Fed. R. Civ. P. 26**
- **Rule 33 (Interrogatories)**
- **Rule 34 (Document Requests)**
- **Rule 37(a) (Motion to Compel)**

**3. Defendant's Opposition Avoids the Merits Entirely**

Instead of producing documents or answering discovery, Defendant's response:

- Focuses on irrelevant procedural arguments
- Attacks Plaintiff personally
- Does NOT assert that proof exists
- Does NOT claim to have produced anything

- Does NOT address the FCRA violation at issue
- Does NOT justify its refusal to verify the debt

This Court should not accept tactical deflection in place of compliance.

## 4. Defendant Must Be Ordered to Produce Documentation of the Alleged Debt

Under **Fed. R. Civ. P. 37(a)**, the Court must compel disclosure when a party:

- refuses to answer interrogatories
- fails to produce documents
- provides evasive or incomplete responses

Plaintiff requests an Order requiring Defendant to produce:

### A. Proof of the alleged debt

- Signed contract or lease
- Account statements
- Ledger
- Billing records

### B. Proof of ownership / assignment

- Bill of sale
- Assignment agreements
- Chain of title

### C. Proof of reporting accuracy

- Furnisher investigation records
- ACDV or e-Oscar records
- Communications with CRAs
- Notes and logs

### D. Complete responses to all discovery requests

## 5. Plaintiff Requests Sanctions Under Rule 37(a)(5)

Because:

- Plaintiff acted in good faith

- Defendant refused without justification
- Defendant's refusal is obstructive
- Plaintiff has been forced to bring this motion

Sanctions may include:

- Costs
- Fees
- Or any lesser penalty the Court deems appropriate

# CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court:

1. **Compel Defendant to immediately produce full responses to Plaintiff's discovery,** including all documents verifying the alleged debt;
2. **Compel Defendant to produce all proof of ownership, assignment, and accuracy of the reporting;**
3. **Order Defendant to produce all ACDV/e-Oscar investigation records;**
4. **Order Defendant to fully respond to Plaintiff's interrogatories;**
5. **Award sanctions under Rule 37(a)(5)** for refusal to participate in discovery; and
6. **Grant any further relief the Court deems proper.**

Dated: this 8th Day of December 2025.

FREDERICK SILVER
21905 MOUNTAIN HWY E UNIT 4143,
SPANAWAY, WA 98387-7583
E-MAIL: ASCLV1@GMAIL.COM
TEL: (702) 473-0365

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the **PLAINTIFF'S REPLY AND RENEWED MOTION TO COMPEL DISCOVERY AND PROOF OF THE ALLEGED DEBT** was mailed to the Clerk of Court United States District Court for the Northern District of Georgia at the address listed below: US District Court Clerk: 121 Spring Street SE Room 201, Gainesville, GA 30501-3789 and served on Katrina DeMarte, DeMarte Law, PLLC 39555 Orchard Hill Pl. Ste 600 / PMB 6338 Novi, MI 48375. Attorney for Defendant National Credit Systems, Inc. via the Court efile system.

On this 8th day of December 2025

FREDERICK O. SILVER
21905 MOUNTAIN HWY E, UNIT 4143.
SPANAWAY, WA 98387-758
E-MAIL: ASCLV1@GMAIL.COM
TEL: (702) 473-0365

**FREDERICK O. SILVER**
**21905 MOUNTAIN HWY E UNIT 4143,**
**SPANAWAY, WA 98387-7583**

CLEARED SECURITY
DEC 15 2025
U.S. MARSHALS SERVICE
Gainesville, GA

SEATTLE WA 980
8 DEC 2025 PM 7 L

To:

**Clerk of Court.**
**United States Courthouse**
**121 Spring Street SE Room-201**
**Gainesville, GA 30501-3789**

30501-37851