IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FREDERICK O. SILVER,         :
                                   :

        Plaintiff,            :

                                   :      CIVIL ACTION FILE
v.                             :      NO.: 1:24-CV-3238-SCJ-AWH

                                   :

NATIONAL CREDIT SYSTEMS, INC.,    :

                                   :

        Defendant.         :

## <u>ORDER</u>

This case is before the Court on Plaintiff's Motion For 60-Day Extension Of Time To Comply With Discovery Order, Doc. 68, and his Renewed Motion To Compel Discovery And Proof Of The Alleged Debt, Doc. 69.

## I.   <u>Plaintiff's Motion For Extension, Doc. 68</u>

On November 20, 2025, the Court conducted a discovery conference to address Plaintiff's failure to produce any discovery in response to Defendant's discovery requests. Plaintiff, who is proceeding *pro se*, did not dispute that he has not answered Defendant's interrogatories or provided any documents to Defendant, even though the deadline to respond to those requests has long passed. During the teleconference and in an Order entered that day, the Court directed Plaintiff "to provide full and complete responses to Defendant's interrogatories and requests for production of documents" no later than December 4, 2025. Doc. 65. On December

1

12, 2025, a week after his responses were due, Plaintiff filed a motion to extend the time to respond to Defendant's discovery requests because he is "proceeding pro se and has been dealing with significant personal issues that have limited his ability to focus on gathering, organizing, and preparing complete discovery responses," and he "has limited financial resources and needs additional time to obtain funds to gather, print, copy, and mail all responsive documents and responses together in an organized manner to Defendant's counsel." Doc. 68 at 2. Plaintiff's motion for an extension to respond to Defendant's discovery requests, Doc. 68, is **DENIED** for several reasons. First, Plaintiff improperly filed it after the time expired for compliance with the Court's November 20, 2025 Order. Furthermore, Plaintiff has not shown why he has not responded to Defendant's discovery requests in the several months since they propounded their requests. Plaintiff brought this action and should be prepared to prosecute it, which means that he must comply with the requirements that he timely participate in the discovery process. Moreover, Plaintiff filed this case in July 2024, well over a year ago, and the Court cannot continue delaying the discovery process and the progress of this case that would result from Plaintiff's requested extension.

As the Court explained in the November 20th Order, Defendant may file a motion to compel if Plaintiff failed to provide his discovery responses as ordered, and he appears to have failed to do so. Accordingly, Defendant may file a motion

to compel Plaintiff's responses pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1, NDGa. **NO LATER THAN JANUARY 9, 2026**. Plaintiff remains obligated to provide his discovery responses as directed in the November 20th Order, so if he does so before Defendant files its motion to compel, Defendant should file a notice indicating that he has complied or address his responses in its motion to compel if it considers his responses to be deficient.

## II.   <u>Plaintiff's Motion To Compel Discovery, Doc. 69</u>

Plaintiff filed a "Reply And Renewed Motion To Compel Discovery And Proof Of The Alleged Debt," Doc. 69. Although not entirely clear, that document appears to be a reply in support of his Motion To Compel Defendant To Cease Credit Reporting Pending Litigation, Doc. 62, which has been submitted to the District Judge, and a motion to compel Defendant's discovery responses. Plaintiff's motion to compel discovery responses is **DENIED** for several reasons. First, it is improper to include a motion, such as a motion to compel, in a reply brief relating to a separate motion. In addition, Plaintiff has not shown that he engaged in good faith efforts with Defendant to attempt to resolve these disputes nor requested a teleconference with the Court to resolve these disputes prior to filing his motion, as required by the Court's Guidelines For Discovery And Motion Practice, Doc. 42 at 12, and as the Court explained to him during the November 20th teleconference and in the November 20th Order, <u>see</u> Doc. 65 at 2. Until or

3

unless the Court allows Plaintiff to file a motion to compel, any motion to compel filed without the Court's permission will be denied. Moreover, if the Court allows Plaintiff to file a motion to compel—which it has not yet done—Plaintiff must comply with the requirements of Local Rule 37.1(A), NDGa. for making such a motion, which his current motion fails to do.

## Summary

Plaintiff's Motion For 60-Day Extension Of Time To Comply With Discovery Order, Doc. 68, is **DENIED**. Defendant may file a motion to compel Plaintiff's discovery responses **NO LATER THAN JANUARY 9, 2026**. Plaintiff's Renewed Motion To Compel Discovery And Proof Of The Alleged Debt, Doc. 69, is **DENIED**.

**IT IS SO ORDERED** this <u>16th</u> day of <u>December</u>, 2025.

_____
Anna W. Howard
United States Magistrate Judge