FREDERICK SILVER
21905 MOUNTAIN HWY E UNIT 4143,
SPANAWAY, WA 98387-7583
E-mail: ASCLV1@gmail.com
Tel: (702) 473-0365



## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA.
## ATLANTA DIVISION.

| | |
|---|---|
| FREDERICK SILVER<br>　　　　Plaintiff,<br>vs.<br>NATIONAL CREDIT SYSTEMS, INC.;<br>MID-AMERICA APARTMENT<br>COMMUNITIES, INC., A Brad Hill as CEO,<br>A CLAY HOLDER as CFO,<br>LESLIE WOLFGANG as Secretary.<br>　　　　Defendants. | CASE NO: 1:24-cv-03238<br><br>District Judge: Steve C Jones<br><br>Magistrate Judge: Anna W. Howard |

### PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER (DOC. 70).

Pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), Plaintiff Frederick O. Silver objects to the Magistrate Judge's December 16, 2025 Order (Doc. 70). The Order is clearly erroneous, contrary to governing law, and materially prejudicial to Plaintiff's ability to prosecute this action. It should be set aside or modified in its entirety.

### I. STANDARD OF REVIEW

A district court must modify or set aside any portion of a magistrate judge's non-dispositive order that is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). An order is contrary to law when it misapplies controlling precedent or the Federal Rules of Civil Procedure. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366–67 (11th Cir. 1997).

## II. BACKGROUND AND PLAINTIFF'S GOOD-FAITH EFFORTS

On November 20, 2025, the Court conducted a discovery conference and ordered Plaintiff "to provide full and complete responses to Defendant's interrogatories and requests for production of documents" no later than December 4, 2025. (Doc. 65.) Plaintiff acknowledges that he did not meet that deadline.

Plaintiff's December 12, 2025 motion for a 60-day extension (Doc. 68) explained that he is proceeding pro se from Washington in a Georgia case, has been dealing with significant personal and housing-related issues, and has limited financial resources to gather, organize, print, and mail a full set of discovery responses and documents. (Doc. 68 at 2.)

Since receiving the December 16, 2025 Order (Doc. 70), Plaintiff has begun preparing full and complete answers to Defendant's interrogatories and requests for production and intends to serve those responses promptly in an effort to comply with Doc. 65 and reduce or eliminate the need for any Rule 37 motion or sanctions. Plaintiff is not seeking to avoid discovery; he is asking for a brief, reasonable opportunity to comply and for a fair chance to obtain core documents from Defendant.

## III. THE ORDER'S DENIAL OF ANY EXTENSION IS CLEARLY ERRONEOUS AND UNDULY PREJUDICIAL

The Order denies Plaintiff's motion for a 60-day extension primarily because it was filed after the December 4, 2025 deadline and because the case has been pending since July 2024. (Doc. 70 at 1–3.) While the Court has discretion to enforce deadlines, it is clear error to do so in a manner that effectively sets up a pro se litigant for sanctions or dismissal where a modest extension would cause little or no prejudice to Defendant.

Here, Plaintiff has explained specific logistical and financial reasons for the requested extension, including housing instability, limited funds to print and mail documents, and the out-of-state nature of this litigation. (Doc. 68 at 2.) Discovery against Plaintiff has not depended on any imminent trial or dispositive-motion deadline. A short extension—far less than 60 days if the Court prefers—would allow Plaintiff to cure his noncompliance, while the flat denial of any extension, coupled with an invitation for Defendant to move to compel

and seek sanctions by January 9, 2026, threatens severe prejudice to Plaintiff. (Doc. 70 at 2–3.)

Under Rule 72(a), the district judge should modify the Order to grant Plaintiff a brief extension of time to serve full discovery responses, so this case can proceed on the merits rather than on a procedural misstep.

## IV. THE ORDER MISAPPLIES THE DISCOVERY FRAMEWORK BY IGNORING DEFENDANT'S NON-PRODUCTION OF THRESHOLD DEBT DOCUMENTS

The Order focuses solely on Plaintiff's outstanding responses and does not address Defendant's failure to produce any documents establishing the alleged debt, its ownership, or the basis for Defendant's credit-reporting and collection activities. (Doc. 70.)

Rule 26 requires discovery that is proportional to the needs of the case and tailored to the core issues. Where, as here, the **existence and validity of the alleged rental debt** is the central factual dispute, documents showing the underlying lease, the account ledger, any charges and credits, and any assignment or authority to collect are foundational.

The Eleventh Circuit has cautioned against discovery regimes that force a party to litigate without access to essential evidence controlled by the opposing party. See Chudasama, 123 F.3d at 1367. By compelling Plaintiff to fully respond to Defendant's extensive discovery while allowing Defendant to continue without producing any "threshold proof that any debt exists," the Order effectively shifts the practical burden of proof and deprives Plaintiff of the basic information necessary to evaluate and litigate his FDCPA and FCRA claims.

This asymmetry is contrary to the proportionality principles of Rule 26(b)(1) and the fair-play mandate of Rule 1.

## V. THE ORDER'S RESTRICTION ON PLAINTIFF'S ABILITY TO SEEK RULE 37 RELIEF IS CONTRARY TO LAW

The Order states that Plaintiff's "Reply and Renewed Motion To Compel Discovery And Proof Of The Alleged Debt" (Doc. 69) is denied because it improperly embeds a motion to compel in a reply and because Plaintiff did not engage in the pre-motion steps required by the Court's Guidelines for Discovery and Motion Practice (Doc. 42) and Local Rule

37.1(A) (no discovery teleconference or proper L.R. 37.1 motion). (Doc. 70 at 3-4.)

Plaintiff acknowledges he misunderstood these procedural requirements and mistakenly combined a reply brief with a renewed motion to compel. He did not intend to disregard the Court's instructions. Going forward, Plaintiff is prepared to (1) confer in good faith with Defendant, (2) request a discovery teleconference as required by Doc. 42, and (3) file any motion to compel, if permitted, in strict compliance with Local Rule 37.1(A).

However, the Order goes further and states that "until or unless the Court allows Plaintiff to file a motion to compel, any motion to compel filed without the Court's permission will be denied." (Doc. 70 at 3-4.) Rule 37 expressly authorizes a party to move to compel when the opposing party fails to answer interrogatories or produce documents; neither Rule 37 nor Eleventh Circuit precedent requires advance "permission" separate from the conferral and local-rule procedures. Local practice cannot abridge substantive rights provided by the Federal Rules. See Fed. R. Civ. P. 83(a)(1); Hollingsworth v. Perry, 558 U.S. 183, 191 (2010).

To the extent the Order is construed to categorically bar Plaintiff from ever filing a motion to compel unless and until the Court gives advance permission, it is contrary to Rule 37 and should be modified. At minimum, the Order should be clarified to allow Plaintiff, after complying with Doc. 42 and Local Rule 37.1(A), to bring one focused motion to compel regarding specific, identified requests if Defendant continues to withhold core debt documentation.

## VI. THE ORDER CREATES AN ASYMMETRICAL AND PREJUDICIAL DISCOVERY REGIME

Combined, the denial of any extension, the threatened motion to compel and sanctions against Plaintiff, and the effective restriction on Plaintiff's ability to seek Rule 37 relief create an uneven discovery regime: Defendant may fully press discovery against Plaintiff while Plaintiff remains unable to obtain the basic records necessary to test Defendant's claims about the alleged debt and its reporting. (Doc. 70.)

This asymmetry prejudices Plaintiff, rewards Defendant's non-production of threshold documents, and undermines Rule 1's mandate for the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The Eleventh Circuit has

recognized that discovery rulings which tilt the playing field and deprive a party of access to core evidence can constitute reversible error. See IberiaBank v. Beneva 41-I, LLC, 701 F. App'x 956, 960 (11th Cir. 2017).

Plaintiff is not asking the Court to excuse him from his discovery obligations. He is asking for a brief, reasonable extension to comply, and for a fair opportunity — after conferral and a discovery conference — to seek Rule 37 relief if Defendant continues to withhold fundamental proof of the alleged debt and related credit-reporting.

**VII. RELIEF REQUESTED**

Plaintiff respectfully requests that the Honorable Steve C. Jones, United States District Judge:

1. SUSTAIN these objections under Rule 72(a);
2. MODIFY the December 16, 2025 Order (Doc. 70) to grant Plaintiff a reasonable additional period (for example, 30 days from the District Judge's ruling) to serve full and complete responses to Defendant's interrogatories and requests for production as required by Doc. 65;
3. CLARIFY that, after Plaintiff serves his responses and participates in a discovery conference under Doc. 42 and Local Rule 37.1(A), Plaintiff may file one focused motion to compel regarding specific requests if Defendant continues to withhold core documents establishing the existence, ownership, and accuracy of the alleged debt, including investigation records required by 15 U.S.C. § 1681s-2(b);
4. DIRECT Defendant to cooperate in good faith in producing foundational debt and credit-reporting documents proportional to the needs of the case; and
5. **ORDER Defendant to produce threshold documentation** establishing the existence, ownership, and accuracy of the alleged debt, including investigation records required by 15 U.S.C. § 1681s-2(b);
6. **CONFIRM Plaintiff's right to seek Rule 37 relief without prior leave;** and
7. Grant such further relief as justice requires.

Dated: this 18th Day of December 2025.

FREDERICK SILVER
21905 MOUNTAIN HWY E UNIT 4143,
SPANAWAY, WA 98387-7583
E-MAIL: ASCLV1@GMAIL.COM
TEL: (702) 473-0365

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the **PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S DECEMBER 16, 2025 ORDER (DOC. 70)** was mailed to the Clerk of Court United States District Court for the Northern District of Georgia at the address listed below: US District Court Clerk: 121 Spring Street SE Room 201, Gainesville, GA 30501-3789 and served on Katrina DeMarte, DeMarte Law, PLLC 39555 Orchard Hill Pl. Ste 600 / PMB 6338 Novi, MI 48375. Attorney for Defendant National Credit Systems, Inc. via the Court efile system.

On this 18th day of December 2025

FREDERICK O. SILVER
21905 MOUNTAIN HWY E, UNIT 4143.
SPANAWAY, WA 98387-758
E-MAIL: ASCLV1@GMAIL.COM
TEL: (702) 473-0365

FREDERIC SILVER
1:24-CV-03238

CLEARED SECURITY
DEC 29 2025
U.S. MARSHALS SERVICE
Gainesville, GA




**Clerk of Court.**
**United States Courthouse**
**121 Spring Street SE Room 201**
**Gainesville, GA 30501-3789**

30501837B9 C8C3