IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>Defendant. | Case No.: 1:24-CV-03238-SCJ-JCF |

**MOTION TO COMPEL AND FOR SANCTIONS, INCLUDING DISMISSAL, OR IN THE ALTERNATIVE, FOR FEES AND COSTS**

COMES NOW Defendant National Credit Systems, Inc. ("NCS"), and files this Motion to Compel and for Sanctions, Including Dismissal, or, in the Alternative, for Fees and Costs, pursuant to Federal Rules of Civil Procedure 37, 41, and the Court's inherent authority, and respectfully shows the Court as follows:

**I.    INTRODUCTION**

This case presents the rare but clear circumstance in which dismissal is not merely permitted, but required. This is not a dispute about the adequacy of discovery, rather, it is because Plaintiff has wholly and deliberately refused to participate in the discovery process at all. Plaintiff has not served responses (verified or otherwise) to NCS's Interrogatories, has not produced a single document in response to NCS's

Requests for Production, and has not responded to NCS's Requests for Admission - despite repeated requests from defense counsel, a discovery conference with the Court, and an express Court order directing him to provide full and complete discovery responses by a date certain.

The discovery propounded by NCS seeks the foundational facts necessary for Plaintiff's claims to exist at all. Plaintiff has not provided - and has never attempted to provide - any such facts. He has identified no date on which he allegedly disputed the debt, no recipient or manner of any dispute, no content of any alleged dispute, no specific conduct by NCS that is allegedly unlawful, and no damages arising from any such conduct. Plaintiff has refused to produce a single document or factual detail in response to discovery.

Plaintiff cannot identify when he allegedly disputed the debt, to whom, by what method, or with what substance. He cannot identify a single communication supporting his FDCPA or FCRA claims. He cannot articulate any damages - statutory or actual. This case has therefore devolved into motion practice wholly untethered from facts - litigating Plaintiff's dissatisfaction with his personal circumstances rather than any actual, justiciable controversy involving NCS. The Federal Rules do not permit a plaintiff to file suit, refuse discovery, and prosecute grievances through serial motions and objections in place of factual development.

The prejudice to NCS is concrete and ongoing. NCS's records do not reflect any dispute by Plaintiff prior to the filing of the Complaint, and Plaintiff has identified no dispute or communication that would alter that record. Plaintiff's filings contain no coherent factual allegations - only conclusory assertions unsupported by evidence and, in several instances, demonstrably false.

Despite his total non-participation in discovery, Plaintiff has never attempted to confer with NCS regarding his perceived discovery issues and instead continues to file motions seeking to compel NCS to act, thereby multiplying proceedings and shifting the burden of litigation onto both NCS and the Court. Moreover, Plaintiff hasn't even disclosed facts that would be sufficient to permit a meaningful meet-and-confer discussion and any attempt to confer would be wholly unintelligible: there is nothing to discuss, nothing to clarify, and no factual dispute to narrow or resolve.

Plaintiff's refusal to participate in this action through discovery has severely prejudiced NCS's ability to evaluate the claims asserted, prepare defenses, or move this case toward resolution. The only information NCS has been able to glean is only through its own investigative services and resources, none of which support Plaintiff's bare allegations.

Where, as here, a party has chosen obstruction over participation and has ignored both the Federal Rules and this Court's directives, dismissal is warranted.

At a minimum, Plaintiff should be compelled to immediately provide full and complete discovery responses, with all objections deemed waived, and ordered to pay NCS's attorneys' fees and costs incurred in attempting to obtain discovery and bringing this Motion.

## II.  PROCEDURAL AND FACTUAL HISTORY

Plaintiff Frederick O. Silver (hereinafter "Plaintiff") initiated this action on July 22, 2024, by filing an Application to Proceed in Forma Pauperis, a Complaint, Motion for Permission for Electronic Case Filing, Proposed Order Granting Motion for Permission for Electronic Case Filing, Civil Cover Sheet, three Summonses, an Amended Complaint, and Magistrate Consent Form. ECF 1.

The Court granted Plaintiff leave to proceed in forma pauperis on October 24, 2024, and directed the Clerk to effect service. ECF 4. Plaintiff's Amended Complaint was docketed that same day, which asserted claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* (the "FCRA") against NCS. ECF 7.

In his Amended Complaint, Plaintiff alleged that NCS unlawfully attempted to collect and report a rental debt that he contended was invalid and not owed. ECF 7 ¶¶ 19-35. Plaintiff affirmatively alleged that he was "unaware" of the debt at issue. ECF No. 7 ¶ 22. Plaintiff did not disclose the existence of any prior litigation adjudicating the validity of the debt, nor did he disclose that the debt had already

been reduced to judgment in state court. See generally ECF 7, ECF 61, 61-1, and 61-2.

On February 27, 2025, NCS moved to dismiss the Amended Complaint for failure to state a claim. ECF 16. In opposition to that motion, Plaintiff submitted to Responses, which generally alleged that NCS did not investigate his disputes, reported inaccurate information, and had already supplied "ample evidence that Defendant violated the FCRA". ECF 17, pgs. 1-2, ECF 18, generally. Plaintiff affirmatively stated the he submitted disputes to the CRAs in those Responses – but critically, provided no detail as to same.

With his Responses, Plaintiff claimed—without any detail—that he submitted disputes to the consumer reporting agencies, yet identified no date, recipient, method, or substance of any alleged dispute. ECF No. 17. Nearly a year later, he has never provided a single fact to support that assertion. The only factual material Plaintiff has ever produced consists of an email chain and a one-page attachment submitted with his response at ECF 17. ECF 17 at 6–17.

That email chain - sent after this lawsuit was filed - complains that NCS continued furnishing information during litigation, which neither constitutes a dispute to the CRAs nor obligates a furnisher to cease reporting. ECF 17 at 7-17. Plaintiff's own attachment further confirms that NCS was reporting the account as

disputed, despite Plaintiff's refusal to state whether he ever disputed the debt before suit, or how. ECF 17 at 6.

On May 15, 2025, a Non-Final Report and Recommendation was issued recommending denial of the motion to dismiss. ECF 22. The R&R was adopted and the Court denied the motion on June 3, 2025. ECF 24. It was after the June 3, 2025 Order that Plaintiff's duplicitous and vexatious filings began to significantly multiply.

Beginning in June 2025, Plaintiff filed a series of motions seeking to enjoin NCS from credit reporting during the pendency of this litigation. ECF 25, 36, 52. NCS opposed those motions, explaining that Plaintiff could not demonstrate a likelihood of success on the merits, irreparable harm, or any legal basis to restrain lawful credit reporting. ECF 44, 67. On June 13, 2025, the Court denied Plaintiff's Emergency Motion for Preliminary Injunction. ECF 26.

On September 16, 2025, the Court denied Plaintiff's renewed motions for injunctive relief and expressly held that Plaintiff's "motion to compel" was, in substance, another request for injunctive relief already denied. ECF 54 at 2–3. Plaintiff appealed the denial of injunctive relief to the Eleventh Circuit on September 23, 2025. ECF No. 55. That appeal remains pending.

Meanwhile, on July 29, 2025, the Court entered a Scheduling Order and set discovery deadlines. ECF 41. Notably – the discovery deadline in this case was

extended through January 30, 2026, at Plaintiff's request. *Id.* NCS complied with its discovery obligations, serving responses and objections to Plaintiff's discovery requests and producing documents. ECF 35, 53.

On August 7, 2025, NCS served its First Set of Interrogatories, Requests for Production, and Requests for Admission on Plaintiff. ECF 43, see also **Exhibit A**: NCS's Discovery Requests. The discovery sought foundational information necessary to evaluate Plaintiff's claims, including the factual bases for his FDCPA and FCRA allegations, alleged communications with NCS, claimed damages, witnesses, and prior litigation involving the subject debt. Exhibit A. Under FRCP 33, 34, and 36, Plaintiff's responses were due no later than September 9, 2025.

Plaintiff did not respond. Instead, on August 19, 2025, Plaintiff filed a document consisting solely of boilerplate "general objections," expressly stating that "no documents will be produced at this time" and conditioning all discovery on his unilateral demand for "debt validation." ECF 47, 49. Those filings did not answer a single interrogatory, did not produce a single document, and did not admit or deny any request for admission. Moreover, nothing has ever been received in response to the requests for admissions.

Following a discovery hearing on November 20, 2025, the Plaintiff was ordered to provide full and complete responses to Defendant's interrogatories and requests for production no later than December 4, 2025. ECF No. 64-65. The Court

expressly warned Plaintiff that failure to comply would permit NCS to file a motion to compel and to seek attorney's fees for doing so. ECF 65 at 2.

Plaintiff did not comply with that order. Instead, on December 12, 2025 - after the December 4 deadline had already passed - Plaintiff moved for a 60-day extension of time, asserting that the parties were engaged in "continued conferral." ECF No. 68 at 2, ¶ 7. Plaintiff had not initiated any meet-and-confer, identified any objectionable discovery request, articulated any discovery dispute, or proposed any compromise. He has also not attempted to communicate with NCS regarding NCS's outstanding discovery.

On December 16, 2025, the Court denied Plaintiff's motion for extension, denied his renewed motion to compel Defendant, and authorized NCS to file a motion to compel Plaintiff's discovery responses by January 9, 2026. ECF No. 70. As of the filing of this Motion, Plaintiff has not served any interrogatory responses, any document production, any objections, or any responses to requests for admission. Plaintiff's noncompliance persists notwithstanding a direct court order compelling compliance and the denial of his extension request. ECF 65, 70.

Plaintiff's discovery misconduct is compounded by his bad faith actions in this case, including his failure to disclose a prior state-court action which he materially and unequivocally participated in, that resolved the validity of the underlying debt on the merits, resulting in a judgment <u>on the merits</u> adverse to

Plaintiff. ECF No. 61-1 at pp. 40–42. That judgment directly contradicts Plaintiff's allegations in this action, yet Plaintiff failed to disclose it in his pleadings, Rule 26 disclosures, discovery responses, or in any other manner – formally or informally. Compare ECF No. 7 ¶ 22 with ECF No. 61-1 at pp. 40–42.

Plaintiff's refusal to participate in discovery has prevented Defendant from exploring the scope and preclusive effect of the state-court judgment, Plaintiff's admissions in that proceeding, and the factual basis - if any - for Plaintiff's attempt to relitigate the debt here. More holistically, it has amplified these proceedings where NCS would have undoubtedly included a *Rooker-Feldman* argument in its Motion to Dismiss filed nearly one-year ago.

Over a period exceeding five months, Plaintiff has ignored duly served discovery, disregarded court orders, falsely represented conferral efforts to the Court, concealed dispositive prior litigation, and continued filing motions and appeals while refusing all discovery obligations. See ECF 25, 36, 52, 55, 62. This pattern reflects willful obstruction and bad faith, not mere noncompliance, and has forced NCS to incur substantial attorneys' fees litigating in the absence of any factual participation by Plaintiff.

### III. LAW AND ARGUMENT

Courts uniformly hold that blanket objections and conditional refusals constitute no response at all under Rules 33, 34, and 36. See Fed. R. Civ. P. 33(b)(4);

34(b)(2); 36(a)(3); see also F.T.C. v. First Universal Lending, LLC, 2012 WL 1957796, at *2 (D. Nev. May 30, 2012). Plaintiff's conduct fits squarely within those concepts, where he squarely refused to provide discovery responses or materials (in whole or in part), then continued to "bait" NCS by subsequently promising to provide same in August, September, October, and November – without materializing any such promise. Plaintiff has not even explained what he would plan to produce or disclose.

Plaintiff also expressly conditioned discovery on the Court first ruling on his own motion. On September 16, 2025, Plaintiff stated he would not address discovery until the Court ruled, even though a party may not unilaterally suspend discovery based on pending motions. See *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). This conduct alone warrants sanctions under Rule 37(d). See Fed. R. Civ. P. 37(d)(1)(A), (d)(3). Plaintiff's noncompliance is especially dispositive as to NCS's Requests for Admission: Plaintiff never responded, and under Rule 36(a)(3) they are deemed admitted by operation of law. See Fed. R. Civ. P. 36(a)(3); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002).

Rule 37 authorizes dismissal where a party fails to obey a discovery order or fails to serve discovery responses at all, and dismissal is appropriate where the record reflects willful or bad-faith noncompliance, prejudice, and the inadequacy of lesser sanctions. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374–75 (11th Cir.

1999); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542–43 (11th Cir. 1993). The Eleventh Circuit likewise affirms dismissal where a party chooses obstruction over participation, including *pro se* litigants. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Rule 41(b) separately permits dismissal for failure to prosecute or comply with court orders, and courts possess inherent authority to dismiss actions pursued abusively or in bad faith. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). These sanctions exist to prevent unfair prejudice and protect the integrity of discovery. *Gratton*, 178 F.3d at 1374–75; *Fountain v. United States*, 725 F. App'x 891, 893 (11th Cir. 2018); *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481–82 (11th Cir. 1982).

If the Court declines dismissal, it should compel responses without objection and award fees. Untimely objections are waived absent good cause. Fed. R. Civ. P. 33(b)(4); *United Steelworkers of Am., AFL-CIO v. IVACO*, 215 F.R.D. 693, 696; 2002 WL 31932875, at *4 (N.D. Ga. Jan. 13, 2003). Where a motion to compel is granted, the Court must award expenses absent an exception, none of which exist here.

Finally, alternative grounds for dismissal exist for Plaintiff's non-participation. Because Plaintiff proceeds in forma pauperis, the Court must dismiss

the action at any time if it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e). A claim is frivolous where it lacks an arguable basis in law or fact, and Plaintiff has declined to articulate his claims in this case. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts in this District have applied § 1915(e) to dismiss IFP cases where the pleadings and record demonstrate incoherent factual content and abusive continuation of litigation, regardless of the stage of litigation. *Brown v. Delta Air Lines, Inc.,* 2023 U.S. Dist. LEXIS 124356, *56–59.

i. *Attorney's Fees*

Under Rule 37(a)(5) and Rule 37(d)(3), where, as here, a motion to compel is necessitated by a party's failure to serve discovery responses, the Court must require the noncompliant party to pay the reasonable attorneys' fees and costs incurred unless the failure was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A), 37(d)(3). Neither exception applies.

As indicated in the Order at ECF 42 pg. 13, NCS attaches a declaration of the undersigned's attorney's fees that were necessitated by the filing of this Motion as **Exhibit 2**. Specifically, NCS incurred $1,625.00 in reasonable attorneys' fees drafting and filing this Motion to Compel between January 7 and January 9, 2026. Those fees were directly caused by Plaintiff's refusal to participate in discovery and would not have been incurred absent his misconduct. An award of fees is therefore mandatory, even if the Court elects not to impose terminating sanctions at this time.

### IV.  CONCLUSION

Plaintiff has chosen to litigate this action without facts, without discovery, and in open disregard of this Court's orders. The Federal Rules do not permit a party to pursue claims while refusing to provide the information necessary to test them, and continued tolerance of such conduct would reward obstruction and further prejudice Defendant. Because Plaintiff's noncompliance is willful, ongoing, and incurable through lesser measures, dismissal is warranted under Rules 37 and 41 and the Court's inherent authority.

At a minimum, Plaintiff should be compelled to immediately serve complete, verified discovery responses with all objections deemed waived, and ordered to reimburse Defendant the reasonable attorneys' fees incurred in bringing this Motion, in the amount of $1,625.00, together with such further relief as the Court deems just and appropriate.

    Respectfully submitted,

*/s/Katrina M. DeMarte*
KATRINA M. DEMARTE
DEMARTE LAW, PLLC
39555 Orchard Hill Place Suite 600
Novi, MI 48375
313-509-7047
Katrina@demartelaw.com
*Attorney for Defendant*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 37.1

Pursuant to N.D. Ga. L.R. 37.1, counsel for Defendant National Credit Systems, Inc. certifies that she conferred in good faith with Plaintiff regarding the discovery issues raised herein. Those efforts were unsuccessful. The Court thereafter conducted a discovery conference on November 20, 2025, and expressly authorized Defendant to file this Motion to Compel if Plaintiff failed to provide discovery responses by the Court-ordered deadline. ECF 64.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Undersigned counsel hereby certifies that this document has been prepared with Times New Roman 14-point font as approved by LR 5.1(B).

By: */s/ Katrina M. DeMarte*
Katrina M. DeMarte

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all persons requesting notice. A copy of this document will be mailed to the Plaintiff at his address of record in this litigation.

*/s/ Katrina M. DeMarte*
Katrina M. DeMarte