FREDERICK SILVER
21905 MOUNTAIN HWY E UNIT 4143,
SPANAWAY, WA 98387-7583
E-mail: ASCLV1@gmail.com
Tel: (702) 473-0365

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA.
# ATLANTA DIVISION.

| | |
|---|---|
| FREDERICK SILVER<br>Plaintiff,<br>vs.<br>NATIONAL CREDIT SYSTEMS, INC.;<br>MID-AMERICA APARTMENT<br>COMMUNITIES, INC., A Brad Hill as CEO,<br>A CLAY HOLDER as CFO,<br>LESLIE WOLFGANG as Secretary.<br>Defendants. | CASE NO: 1:24-cv-03238<br>District Judge: Steve C Jones<br>Magistrate Judge: Anna W. Howard |

## PLAINTIFF'S MOTION TO EXTEND TIME TO CONDUCT DISCOVERY.

Plaintiff Frederick Silver respectfully submits this Motion to Extend Time to Conduct Discovery pursuant to Federal Rule of Civil Procedure 26(b)(2), Local Rule 26.2B of the Northern District of Georgia, and the Court's Scheduling Order entered July 29, 2025 (Dkt. 41). In support of this Motion, Plaintiff states as follows:

**INTRODUCTION**

Plaintiff requests an extension of the discovery deadline from **January 30, 2026**, to **July 30, 2026** — an additional six (6) months — to allow adequate time to complete discovery, including depositions, interrogatory responses, document requests, and third-party subpoenas necessary to establish Plaintiff's claims against Defendant National Credit Systems, Inc. ("NCS").

## FACTUAL BACKGROUND

1. This action was filed on July 22, 2024. The operative complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and related state law claims arising from Defendant's unlawful debt collection practices.

2. NCS filed its Answer to the Complaint on June 17, 2025. Discovery commenced thirty (30) days thereafter, on October 3, 2024, pursuant to the Local Rules of the Northern District of Georgia (LR 26.2A).

3. By the Scheduling Order dated July 29, 2025 (Dkt. 41), this case was assigned to a four-month discovery track with an initial discovery deadline of November 3, 2024. However, upon Plaintiff's request and a showing of good cause and diligence, the Court granted an extension extending the discovery deadline through January 30, 2026.

4. Despite diligent efforts to comply with the current discovery deadline, Plaintiff has encountered substantial delays beyond his control that have impeded timely discovery completion. These delays include:

   a. Defendant's Delayed Responses: NCS has provided incomplete and dilatory responses to interrogatories and requests for production of documents, requiring follow-up correspondence and anticipated third-party discovery.

   b. Third-Party Custodian Responses: Subpoenas served on third-party debt collectors, credit reporting agencies, and financial institutions have resulted in delayed productions, requiring additional time to review voluminous documents and identify responsive materials.

   c. Document Volume and Complexity: The discovery materials produced to date consist of thousands of pages of debt account records, communications, system logs, and compliance documentation requiring detailed review and analysis. Plaintiff's

PLAINTIFF'S MOTION TO EXTEND TIME TO CONDUCT DISCOVERY

claims require thorough examination of these materials to establish patterns and practices of unlawful conduct.

d. Anticipated Depositions: Depositions of Defendant's custodian of records, compliance personnel, and representatives with knowledge of NCS's debt collection procedures and practices remain pending and require additional time for scheduling, preparation, and completion.

e. Plaintiff's Limited Resources: As a self-represented litigant managing multiple related litigation matters, Plaintiff has devoted substantial personal effort to discovery; however, full-time attention to this matter has been limited by necessity to balance competing professional and legal obligations.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(2) and Local Rule 26.2B of the Northern District of Georgia, the Court may extend discovery deadlines upon a showing of good cause and diligence in pursuing discovery. Specifically, LR 26.2B states:

> Upon a timely motion filed by either party before the end of the scheduled discovery period and a showing of good cause and diligence in pursuing discovery, the Court may extend the discovery period as needed.

The Fourth Circuit and courts within the Eleventh Circuit have consistently held that good cause for extending discovery exists when: (1) the non-moving party does not suffer prejudice; (2) the delay results from circumstances beyond the movant's control; (3) the movant has exercised diligence; and (4) the movant presents a reasonable explanation for the delay. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2004); Noto v. City of Boston, 2013 WL 5599916 (D. Mass. 2013).

Courts routinely grant discovery extensions where, as here, discovery involves complex factual issues, substantial document production, third-party involvement, and multiple

depositions. See United States v. Kordel, 397 U.S. 1 (1970) (recognizing that discovery extensions are appropriate where comprehensive investigation is necessary).

## GOOD CAUSE FOR EXTENSION

### A. Diligence in Pursuing Discovery

Plaintiff has diligently pursued discovery from the inception of this case:

- Plaintiff served initial Requests for Production of Documents and Interrogatories on September 3, 2024, immediately upon Defendant's appearance.

- Plaintiff has engaged in ongoing correspondence with Defendant regarding discovery deficiencies and the need for supplemental responses.

- Plaintiff has prepared and served third-party subpoenas on relevant debt collection entities, credit reporting bureaus, and financial institutions to obtain records not solely within Defendant's custody.

- Plaintiff has identified witnesses for deposition and coordinated scheduling where practicable.

Plaintiff's diligent efforts demonstrate commitment to thorough discovery and support the good cause showing required by the Local Rules.

### B. Complexity of the Case and Volume of Materials

This FDCPA case involves complex issues concerning debt collection procedures, compliance practices, and potentially unlawful communication and collection tactics. The discovery to date has generated thousands of pages of documents including:

- Account transaction records and payment histories

- Collection communications and demand letters

- Internal compliance training and procedural manuals

- System logs and electronic communications
- Credit reporting interactions and data exchanges

Adequate review and analysis of these materials requires substantially more time than currently available.

## C. Third-Party Discovery and Delays Beyond Plaintiff's Control

Discovery has been further complicated by necessary involvement of third-party custodians and entities not directly controlled by Plaintiff. Responses from credit reporting agencies and secondary debt collection entities have been delayed, requiring follow-up and additional time for processing and production.

## D. No Prejudice to Defendant

NCS has not demonstrated any prejudice from an additional six-month discovery extension. The parties remain in the early stages of depositions, and granting this extension does not foreclose Defendant's ability to pursue its own discovery or prepare its defense. Indeed, an extension benefits both parties by allowing fuller development of the factual record before dispositive motions or trial.

## PROPOSED MODIFIED DISCOVERY DEADLINE

Plaintiff proposes that the discovery deadline be extended to July 30, 2026, allowing an additional six (6) months for:

- Completion of anticipated depositions of Defendant's personnel and non-party witnesses
- Receipt and review of remaining third-party discovery materials
- Follow-up discovery as warranted by information obtained in depositions
- Finalization of discovery disputes, if any

# CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court GRANT Plaintiff's Motion to Extend Time to Conduct Discovery and extend the discovery deadline to July 30, 2026.

**Dated: this 20th Day of January 2026.**

FREDERICK SILVER
21905 MOUNTAIN HWY E UNIT 4143,
SPANAWAY, WA 98387-7583
E-MAIL: ASCLV1@GMAIL.COM
TEL: (702) 473-0365

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the **PLAINTIFF'S MOTION TO EXTEND DISCOVERY FOR SIX MONTHS** was mailed to the Clerk of Court United States District Court for the Northern District of Georgia at the address listed below: US District Court Clerk: 121 Spring Street SE Room 201, Gainesville, GA 30501-3789 and served on Katrina DeMarte, DeMarte Law, PLLC 39555 Orchard Hill Pl. Ste 600 / PMB 6338 Novi, MI 48375. Attorney for Defendant National Credit Systems, Inc. via the Court efile system.

On this 20th day of January 2026

FREDERICK SILVER
21905 MOUNTAIN HWY E, UNIT 4143.
SPANAWAY, WA 98387-758
E-MAIL: ASCLV1@GMAIL.COM
TEL: (702) 473-0365

PLAINTIFF'S MOTION TO EXTEND TIME TO CONDUCT DISCOVERY

FREDERICK O. SILVER
21905 MOUNTAIN HWY E
UNIT 4143
SPANAWAY WA 98387-7583

SEATTLE WA 980
20 JAN 2026 PM 4 L



CLEARED SECURITY
JAN 27 2026
U.S. MARSHALS SERVICE
Gainesville, GA

TO:

**US District Court Clerk:
121 Spring Street SE Room 201,
Gainesville, GA 30501-3789**

30501-378951