IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>Defendant. | Case No.: 1:24-CV-03238-SCJ-JCF |

### NCS'S RESPONSES WITH OBJECTIONS TO PLAINTIFF'S
### THIRD AND FOURTH SET OF INTERROGATORIES[1]

Pursuant to Fed. R. Civ. P. 33, National Credit Services, Inc. (hereinafter, "NCS" or "Defendant"), hereby submits its Responses to the Plaintiff's Third & Fourth Set of Interrogatories (hereinafter, the "Requests"), propounded by Plaintiff, Frederick O. Silver (hereinafter, "Silver" or "Plaintiff").

### GENERAL OBJECTIONS

1.  By responding to the Requests, NCS does not concede to the truth or accuracy of any characterization, allegation, or statement made in the Requests.

2.  NCS's failure to object to any Requests, or NCS's agreement to produce documents in response to any Request(s), is not, and shall not, be

---

[1] Defendant notes that Plaintiff has served entirely duplicative and word-for-word discovery which he also previously sought that NCS timely responded to.

1

construed as an admission of the relevance or admissibility of any such information, or of the propriety of any of the Requests.

3. Any statement herein that NCS will provide information or produce documents in response to an individual Request does not mean that NCS in fact has any such information or documents, or that any such information or documents exist. Rather, any such statement reflects the intention of NCS, subject to its objections, to conduct a good faith search for responsive documents and information.

4. NCS objects to the Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, and seek information that is not relevant to the claim or defense of any party.

5. NCS generally objects to all of Plaintiff's Requests to the extent that the Requests call for documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or protection. To the extent that a Request calls for privileged and /or protected documents or information, NCS objects and will not produce or supply such documents or information but will produce a privilege log.

6. To the extent that NCS, pursuant to any Request propounded by Plaintiff, produces information or documentation which any party may later claim is privileged or which any party characterizes as privileged, it is understood that such production does not constitute a waiver of the applicable privilege or protection.

7. NCS objects to Plaintiff's Requests to the extent that they seek to impose any obligation on NCS, whether by response, production, supplementation, identification of documents or persons, or otherwise, which exceeds its responsibility under the Federal Rules of Civil Procedure. NCS will be guided solely by the Federal Rules of Civil Procedure in responding to Plaintiff's Requests.

8. NCS makes no incidental or implied admissions of fact in its production or response to any Request. Only those admissions expressly made are intended.

9. The fact that NCS may have answered all or part of, or produced information or documents pursuant to, any Request, is not intended and shall not be construed as a waiver by NCS of all or any part of any and all objection to the admissibility of same at trial.

10. NCS objects to the Requests and related instructions to the extent that they seek information or documents from individuals and other sources whose knowledge, information, and documents is not presently known by NCS. Moreover, NCS objects to Plaintiff's Requests to the extent that they attempt to compel NCS to answer the Requests on behalf of separate and autonomous person(s) and/or business entity(ies) that are not parties to the above-captioned action. NCS's responses to the Requests are based upon documents and information presently available to it and are made solely on behalf of NCS.

11. NCS bases its responses and objections upon information presently known by NCS. NCS expressly reserves the right to: (a) assert additional objections or supplemental responses if NCS discovers additional information or grounds for objections; and (b) supplement or amend these responses at any time. To the extent that NCS provides any information or produces any documents in response to these Requests, NCS does not waive any objections or rights.

12. NCS objects to the Requests to the extent that they seek information or the production of information or documents that are a matter of public record or readily obtainable by Plaintiff.

13. In each and every response to a Request, or subpart thereof, where an objection is interposed, such objection shall be construed to preserve all rights to enter similar objections as to any future supplemental answer to such Request. Moreover, a failure to object herein shall not constitute a waiver of any objection that may be interposed as to future supplemental answers.

14. NCS objects to Plaintiff's Requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

15. NCS's responses to the Requests are made without prejudice to its right to amend and/or supplement its responses in light of facts later learned or documents later obtained.

### SPECIFIC AND PARTICULARIZED OBJECTIONS APPLICABLE TO ALL REQUESTS

16. <u>Reservation of Rights:</u> NCS reserves all rights to supplement, amend, or withdraw these responses, including upon clarification or correction of Plaintiff's improper service. These initial responses are served purely to conserve costs and avoid unnecessary motion practice with a Plaintiff who has already demonstrated vexatious litigation tendencies and an intent to misuse judicial process for coercive leverage.

17. <u>Abuse of Process:</u> NCS expressly preserves its right to seek sanctions under 28 U.S.C. § 1927, Fed. R. Civ. Proc. 11, 26, 32-34, and 37, or the Court's inherent authority for Plaintiff's conduct as detailed in prior case filings.

## NCS'S RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

**INTERROGATORY NO. 1 (13)**

Please identify with specificity the original creditor of the account alleged to be owed by Plaintiff, including the full legal name, address, and account number used by that creditor.

**ANSWER: Objection. Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as it lacks any and all specificity, and is otherwise overly broad, unduly burdensome, and not proportional to the needs of this case. Moreover, NCS is not the original creditor, and their "full legal name" is better answered through them. Subject to and without waiving these objections, pursuant to Fed. R. Civ. Proc. 33(d), Defendant refers Plaintiff to its initial disclosures for further information regarding the original creditor, as well as the account notes and leasing documents previously produced.**

**INTERROGATORY NO. 2 (14)**

Identify the complete chain of title to the alleged debt from the original creditor to your company, including all dates of assignment, sale, or transfer, and the names and addresses of each entity involved in the chain.

**ANSWER: Objection. Defendant objects to this interrogatory on the grounds that it assumes facts not in evidence, namely that Defendant purchased or was assigned the debt. Defendant also objects to this interrogatory on the grounds that it is vague and ambiguous as it lacks any and all specificity, and is otherwise overly broad, unduly burdensome, and not proportional to the needs of this case. The request assumes Plaintiff's allegations are valid and lacks any temporal scope, and seeks information not relevant to any claim or defense. Subject to and without waiving said objections, Defendant states that it did not purchase or acquire any ownership interest in the alleged debt. NCS is a third-party collection agency, and that the original creditor merely placed the account with it for collections.**

INTERROGATORY NO. 3 (15)

State whether Defendant currently owns the alleged debt, and if not, identify the entity or person who does.

**ANSWER: Objection. Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information which is not relevant and proportional to the needs of this case. Plaintiff has not alleged that NCS lacked authority to collect. NCS further objects as this request calls for confidential and proprietary information, including business agreements between NCS and third parties, which NCS does not agree to disclose. NCS further states that this request is based upon false facts, and namely, that NCS purchased the debt or was required to do same. Subject to and without waiver of these objections, NCS states that the original creditor <u>placed</u> Plaintiff's account with it for collections. NCS is not a debt buyer and does not claim ownership of the debt, nor is it required to.**

## NCS'S RESPONSES TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES

INTERROGATORY NO. 1 (16)

Identify the original creditor, the type of account, and the full account number for the alleged debt reported on Plaintiff's credit report.

6

**ANSWER: Objection.** Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as it lacks any and all specificity, and is otherwise overly broad, unduly burdensome, and not proportional to the needs of this case. The request assumes Plaintiff's allegations are valid and lacks any temporal scope. Subject to and without waiving these objections, pursuant to Fed. R. Civ. Proc. 33(d), Defendant refers Plaintiff to its initial disclosures for further information regarding the original creditor. Further relevant documents, to the extent they exist, will be provided at or before the due date for production.

INTERROGATORY NO. 2 (17)

State whether you purchased, were assigned, or serviced the alleged debt, and the date you acquired any interest.

**ANSWER: Objection.** Defendant objects to this interrogatory on the grounds that it assumes facts not in evidence, namely that Defendant purchased or was assigned the debt. Defendant also objects to this interrogatory on the grounds that it is vague and ambiguous as it lacks any and all specificity, and is otherwise overly broad, unduly burdensome, and not proportional to the needs of this case. The request assumes Plaintiff's allegations are valid and lacks any temporal scope, and seeks information not relevant to any claim or defense. Subject to and without waiving said objections, Defendant states that it did not purchase or acquire any ownership interest in the alleged debt. NCS is a third-party collection agency, and that the original creditor merely placed the account with it for collections.

INTERROGATORY NO. 3 (18)

Describe the process by which you verify debts that have been disputed by consumers directly or via a CRA.

**ANSWER: Objection.** Defendant objects to this interrogatory to the extent it seeks information that is not relevant or proportional to the needs of the case and to the extent it seeks proprietary, confidential internal business information. Subject to and without waiving said objections, Defendant states that if a valid dispute is received, it reviews information provided by the consumer or CRA, consults internal account records, and reviews records provided by the creditor. NCS then responds through the e-OSCAR system in accordance with Metro 2 standards. No such dispute

**was received from Plaintiff, and therefore, this request is both inappropriate and overly-broad.**

INTERROGATORY NO. 4 (19)

Identify all credit reporting agencies (CRAs) to whom you furnished information about the Plaintiff's alleged debt.

**ANSWER: Objection. Defendant objects to this interrogatory as overly broad, unduly burdensome, and not limited to the facts of this case. Subject to and without waiving said objections, Defendant states that information, if furnished, would have been sent to TransUnion, Experian, and Equifax.**

INTERROGATORY NO. 5 (20)

State the date(s) on which you reported the alleged debt to any CRA.

**ANSWER: Objection. Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as it lacks any and all specificity, and is otherwise overly broad, unduly burdensome, and not proportional to the needs of this case. The request assumes Plaintiff's allegations are valid and lacks any temporal scope, and seeks information not relevant to any claim or defense. Defendant further objects to this interrogatory on the grounds that Plaintiff is in possession of or has equal access to his own consumer reports reflecting such dates, if any.**

INTERROGATORY NO. 6 (21)

Describe all steps you took to investigate the dispute submitted by Plaintiff.

**ANSWER: Objection. Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as it lacks any and all specificity, and is otherwise overly broad, unduly burdensome, and not proportional to the needs of this case. The request assumes Plaintiff's allegations are valid and lacks any temporal scope, and seeks information not relevant to any claim or defense. Lastly, Defendant objects on the grounds that this interrogatory assumes facts not in evidence, namely that Plaintiff submitted any valid dispute.**

INTERROGATORY NO. 7 (22)

8

State whether you received any communications from Experian, Equifax, or TransUnion regarding Plaintiff's dispute, and identify each such communication.

**ANSWER: Objection. Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as it lacks any and all specificity, and is otherwise overly broad, unduly burdensome, and not proportional to the needs of this case. The request assumes Plaintiff's allegations are valid and lacks any temporal scope, and seeks information not relevant to any claim or defense. Lastly, Defendant objects on the grounds that this interrogatory assumes facts not in evidence, namely that Plaintiff submitted any valid dispute. Subject to and without waiving objections, Defendant states that it has not received any ACDV notices from any CRA (Experian, Equifax, or TransUnion) concerning any dispute by Plaintiff.**

INTERROGATORY NO. 8 (23)

Describe the system or software you use to furnish data to CRAs, and whether it follows Metro 2 format guidelines.

**ANSWER: Objection. Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as it lacks any and all specificity, and is otherwise overly broad, unduly burdensome, and not proportional to the needs of this case. The request assumes Plaintiff's allegations are valid and lacks any temporal scope, and seeks information not relevant to any claim or defense. Subject to and without waiving objections, Defendant states that it uses the e-OSCAR system to furnish data and reports data using the Metro 2 format in accordance with industry standards.**

INTERROGATORY NO. 9 (24)

Identify all individuals involved in investigating Plaintiff's dispute.

**ANSWER: Objection. Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as it lacks any and all specificity, and is otherwise overly broad, unduly burdensome, and not proportional to the needs of this case. The request assumes Plaintiff's allegations are valid and lacks any temporal scope, and seeks information not relevant to any claim or defense. Lastly, Defendant objects on the grounds that this interrogatory assumes facts not in evidence, namely that Plaintiff submitted any valid dispute.**

INTERROGATORY NO. 10 (25)

State whether you ever communicated with Plaintiff, directly or through a third party, regarding the debt.

**ANSWER: Objection. Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as it lacks any and all specificity, and is otherwise overly broad, unduly burdensome, and not proportional to the needs of this case. The request assumes Plaintiff's allegations are valid and lacks any temporal scope, and seeks information not relevant to any claim or defense. Subject to and without waiving objections, Defendant states that Plaintiff refused to communicate with Defendant and outright refused to indicate whether he disputed the debt, apparently in order to try and drum up this frivolous lawsuit which is utterly unsupported by fact or even allegations.**

*/s/ Katrina DeMarte*
Katrina DeMarte, Esq.
MI Bar No. P81476
CO Bar No. 43135
GA Bar No. 821011
DeMarte Law, PLLC
39555 Orchard Hill Pl.,
Ste. 600 / PMB 6338
Novi, Michigan 48375
katrina@demartelaw.com
(313) 509-7047

*Counsel for Defendants National Credit Systems, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>Defendant. | Case No.: 1:24-CV-03238-SCJ-JCF |

### NCS'S RESPONSES WITH OBJECTIONS TO PLAINTIFF'S SECOND & THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

As to each and every request contained in Frederick O. Silver ("Plaintiff" or "Silver")'s written discovery requests, National Credit Systems, Inc. ("Defendant" or "Defendant") incorporates by reference the preliminary statement and general objections set forth in its responses to Plaintiff's Third Set of Interrogatories to Defendant, as though fully set forth herein.

Referencing and expressly incorporating each of those statements and general objections, Defendant hereby responds and objects as follows:

### RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1**

Produce a true and correct copy of the original agreement or contract between Plaintiff and the original creditor related to the alleged debt.

11

ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous, insofar as Plaintiff has not defined any terms in his discovery requests. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is not relevant and proportional to the needs of this case. This request is overly-broad as it does not relate to the specific facts, claims, or account at issue, and it calls for the revelation of attorney/client communications, work product, and mental impressions, which it does not agree to disclose. Lastly, this request assumes facts not in evidence, namely, that NCS is in possession of all statements meeting Plaintiff's criteria. Any such documents, to the extent they exist, are in the possession of the original creditor and not NCS, and are not required to be produced under applicable law. Subject to and without waiver of these objections, NCS refers the Plaintiff to its prior production of documents, which included any relevant non-privileged matters.

**Request for Production No. 2**

Produce all bills of sale, assignments, transfer agreements, or other documents reflecting any transfer of ownership or collection rights to the alleged debt from the original creditor to Defendant, including any intermediary entities.

ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous and seeks confidential commercial documents irrelevant to the claims at issue. Plaintiff has not alleged that NCS is collecting the debt without authority, and NCS is not required to demonstrate ownership or provide a chain of title under the FDCPA. Any such documents, to the extent they exist, reflect confidential business agreements and will only be produced, if at all, pursuant to a protective order and/or court order.

**Request for Production No. 3**

Produce all documents that authorize Defendant to collect the alleged debt, including agency agreements, collection contracts, or servicing agreements.

ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous and seeks confidential commercial documents irrelevant to the claims at issue. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is not relevant and proportional to the needs of this case. This request is overly-broad as it does not relate to the specific facts,

claims, or account at issue and seeks confidential commercial agreements between NCS and third parties. Plaintiff has not alleged that NCS lacks authority to collect, and the FDCPA does not require that a debt collector produce such documents. Any such agreements, to the extent they exist, are confidential (and wholly irrelevant) and will only be produced pursuant to a protective order and/or court order.

**Request for Production No. 4**

Produce any document or record Defendant relies on to report the alleged debt to any consumer reporting agency.

**ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous and seeks documents not relevant or proportional to the needs of this case. Plaintiff has not submitted any disputes, much less disputes to the consumer reporting agencies, and the information NCS furnished to the CRAs is based on data supplied by the creditor. To the extent any documents exist which NCS relied upon to furnish the subject tradeline, and subject to and without waiver of these objections, NCS will produce responsive, non-privileged records in its possession, if any exist.**

## RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1**

Produce all documents evidencing or relating to the original contract or agreement between Plaintiff and the original creditor.

**ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous, insofar as Plaintiff has not defined any terms in his discovery requests. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is not relevant and proportional to the needs of this case. This request is overly-broad as it does not relate to the specific facts, claims, or account at issue, and it calls for the revelation of attorney/client communications, work product, and mental impressions, which it does not agree to disclose. Lastly, this request assumes facts not in evidence, namely, that NCS is in possession of all statements meeting Plaintiff's criteria. Any such documents, to the extent they exist, are in the possession of the original creditor and not NCS, and are not required to be produced under applicable law. Subject to and without waiver of these**

13

objections, NCS states that, to the extent any such relevant document may exist, and is in its possession, it will produce such documents at or before the deadline for production.

**Request for Production No. 2**

Produce all account statements, billing records, or ledgers related to the alleged debt.

**ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous, insofar as Plaintiff has not defined any terms in his discovery requests, and anything "related to" such documents is equally ambiguous and undefined. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is not relevant and proportional to the needs of this case. This request is overly-broad as it does not relate to the specific facts, claims, or account at issue, and it calls for the revelation of attorney/client communications, work product, and mental impressions, which it does not agree to disclose. Lastly, this request assumes facts not in evidence, namely, that NCS is in possession of all documents meeting Plaintiff's criteria. Any such documents, to the extent they exist, are in the possession of the original creditor and not NCS, and are not required to be produced under applicable law. Subject to and without waiver of these objections, NCS states that, to the extent any such relevant document may exist, and is in its possession, it will produce such documents at or before the deadline for production.**

**Request for Production No. 3**

Produce the full chain of title or assignment history showing how you acquired the right to collect the alleged debt.

**Answer: Objection. This request is irrelevant and not proportional to the needs of this case. Plaintiff has not alleged that NCS acted without authority, and NCS is not required to prove a chain of title or ownership under the FDCPA, nor is it required to "own" or "acquire" a debt to collect upon same. Further, documents, if any, would reflect confidential business agreements with third parties and will only be produced, if at all, pursuant to a protective order.**

**Request for Production No. 4**

Produce all communications between you and any CRA concerning Plaintiff's account.

**ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous, insofar as Plaintiff has not defined any terms in his discovery requests. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is not relevant and proportional to the needs of this case. This request is overly-broad as it does not relate to the specific facts, claims, or account at issue, much less provide an appropriate scope in place or time. Lastly, this request assumes facts not in evidence, namely, that NCS is in possession of all documents meeting Plaintiff's criteria. Lastly, documents reflecting any relevant communications with the consumer reporting agencies are already in the hands of Plaintiff, who has access to his own consumer reports. Plaintiff has not submitted any disputes to the consumer reporting agencies, and as such, no other documents are relevant.**

**Request for Production No. 5**

Produce any and all ACDV or e-Oscar records relating to Plaintiff's dispute.

**ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous, insofar as Plaintiff has not defined any terms in his discovery requests. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is not relevant and proportional to the needs of this case. This request is overly-broad as it does not relate to the specific facts, claims, or account at issue, specifically because Plaintiff has not submitted any disputes to the CRAs, and NCS does not have access or possession to Plaintiff's consumer reports. As such, NCS states "none."**

**Request for Production No. 6**

Produce copies of Plaintiff's credit reports obtained or reviewed by you.

**ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous, insofar as Plaintiff has not defined any terms in his discovery requests. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is not relevant and proportional to the needs of this case. This request is overly-broad as it does not relate to the specific facts, claims, or account at issue, specifically because Plaintiff has not submitted**

any disputes to the CRAs, and NCS does not have access or possession to Plaintiff's consumer reports. As such, NCS states "none."

**Request for Production No. 7**

Produce all internal notes or records concerning Plaintiff's dispute or account.

**ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous, insofar as Plaintiff has not defined any terms in his discovery requests, and Plaintiff has submitted no disputes. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is not relevant and proportional to the needs of this case. This request is overly-broad as it does not relate to the specific facts, claims, or account at issue, and it calls for the revelation of attorney/client communications, work product, and mental impressions, which it does not agree to disclose. Lastly, this request assumes facts not in evidence, namely, that Plaintiff submitted a dispute – whether properly or at all. Subject to and without waiver of these objections, NCS states that, to the extent any such relevant document may exist, and is in its possession, it will produce such documents at or before the deadline for production.**

**Request for Production No. 8**

Produce your written policies and procedures for handling FCRA or FDCPA disputes.

**ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous, insofar as Plaintiff has not defined any terms in his discovery requests, and Plaintiff has submitted no disputes, and has not identified any specific instance for which NCS allegedly breached the law, therefore not calling any policies or procedures into question. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is not relevant and proportional to the needs of this case. This request is overly-broad as it does not relate to the specific facts, claims, or account at issue, and it calls for the revelation of attorney/client communications, work product, and mental impressions, which it does not agree to disclose. Lastly, this request seeks proprietary and confidential documents and is not limited to the facts of this case. NCS will not produce general policy or training documents absent a court order and/or protective agreement. Such**

documents are irrelevant where Plaintiff has failed to identify any specific deficiency in NCS's handling of his account.

**Request for Production No. 9**

Produce all training materials used to train employees regarding investigation procedures and CRA disputes.

**ANSWER: Objection. Defendant objects to this request on the grounds that it is vague and ambiguous, insofar as Plaintiff has not defined any terms in his discovery requests, and Plaintiff has submitted no disputes, never requested an investigation, refused to state if he disputed the debt, and otherwise has not identified any specific instance for which NCS allegedly breached the law, therefore not calling any policies or procedures into question. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is not relevant and proportional to the needs of this case. This request is overly-broad as it does not relate to the specific facts, claims, or account at issue. Lastly, this request seeks proprietary and confidential documents and is not limited to the facts of this case. These materials are confidential and not subject to production without a protective order. NCS objects to providing company-wide training protocols in response to improper and overbroad discovery. Such documents are irrelevant where Plaintiff has failed to identify any specific deficiency in NCS's handling of his account, and where the FCRA is inapplicable.**

**Request for Production No. 10**

Produce all correspondence sent to or received from Plaintiff.

**ANSWER: Objection. Defendant objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is not relevant and proportional to the needs of this case. This request is overly-broad as it does not relate to the specific facts, claims, or account at issue, much less provide an appropriate scope in place or time. Lastly, this request assumes facts not in evidence, namely, that Plaintiff submitted written correspondence to Plaintiff prior to the filing of this lawsuit, which he did not. Moreover, Plaintiff has not identified any specific communications with NCS as a part of his complaint, and as such, any such communications are wholly irrelevant and not subject to production.**

*/s/ Katrina DeMarte*

17

Katrina DeMarte, Esq.
MI Bar No. P81476
CO Bar No. 43135
GA Bar No. 821011
DeMarte Law, PLLC
39555 Orchard Hill Pl.,
Ste. 600 / PMB 6338
Novi, Michigan 48375
katrina@demartelaw.com
(313) 509-7047

*Counsel for Defendants National Credit Systems, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**