

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDERICK SILVER<br>　　　　Plaintiff,<br>vs.<br>NATIONAL CREDIT SYSTEMS, INC.;<br>　　　　Defendants. | CASE NO: **1:24-cv-03238-SCJ-AWH**<br><br>District Judge: Steve C Jones<br><br>Magistrate Judge: Anna W. Howard |

## EMERGENCY PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE HOWARD'S FEBRUARY 20, 2026 ORDER GRANTING DEFENDANT'S EMERGENCY MOTION TO EXTEND DEADLINES (ECF 83)

Plaintiff Frederick O. Silver ("Plaintiff"), respectfully objects to the February 20, 2026 Order of Magistrate Judge Anna W. Howard granting Defendant National Credit Systems, Inc.'s ("NCS" or "Defendant") "Emergency Motion to Extend Deadlines" (ECF 82), and states:

1. On February 20, 2026, Defendant filed an "Emergency Motion to Extend Deadlines" (ECF 82). A few minutes later, Magistrate Judge Howard entered an "Order on Emergency Motion to Extend Deadlines" (ECF 83), extending multiple deadlines as follows:
    - Defendant's deadline to respond to Plaintiff's Motion for Partial Summary Judgment: March 25, 2026;
    - Summary judgment deadline: April 1, 2026;
    - Deadline to respond to Plaintiff's Motion for Leave to File Out-of-Time Response and Opposition to Defendant's Motion to Compel Discovery and for Sanctions, Including Dismissal: April 2, 2026;
    - Deadline to respond to Plaintiff's Motion for Permission to Use CM/ECF: April 2, 2026.

2. Plaintiff **did not consent** to this extension, was not consulted before Defendant filed the motion, and had no realistic opportunity to oppose before the Order was entered.

3. Defendant's motion relies solely on unsworn arguments by counsel concerning alleged medical issues of Ms. DeMarte. Defendant submitted no affidavit, declaration, medical documentation, or sworn evidence and offered no explanation why other counsel could not handle the case. Nevertheless, the Magistrate Judge granted Defendant's proposed order almost immediately.

4. The Order ignores that National Credit Systems has at least two attorneys of record:
    - Jonathan Evan Green, who has been counsel from the outset, signed the Answer and the Motion to Dismiss, and is listed by the Court as "ATTORNEY TO BE NOTICED"; and
    - Katrina M. DeMarte, who appeared later.

    Defendant's motion claims Mr. Green is "not up to speed," but there is no sworn explanation why he cannot competently respond to motions or manage deadlines despite his longstanding involvement.

5. Plaintiff categorically objects to Defendant's factual assertions and to the finding of "good cause" for a broad extension:
    - Defendant did not demonstrate that no other counsel could act;
    - Defendant did not show diligence or necessity;
    - The Court did not require any sworn proof before granting the requested relief.

6. The extension Order significantly prejudices Plaintiff while providing ongoing comfort to a represented corporate debt collector:

    a. Plaintiff's Motion for Partial Summary Judgment—seeking relief for unlawful credit reporting that is actively harming Plaintiff's ability to secure housing—will now sit until at least March 25, 2026 before Defendant even has to respond. During this time, NCS's negative tradeline continues to appear on Plaintiff's reports and has

already interfered with Plaintiff's efforts to rent an apartment.View-Credit-Report-TransUnion-Online-Service-Center

b. Plaintiff's Motion for Leave to File Out-of-Time Response and Opposition to Defendant's Motion to Compel and for Sanctions, Including Dismissal (ECF 79) will not even be fully briefed until April 2, 2026, prolonging the cloud of sanctions and potential dismissal that Defendant itself brought into the case.

c. Plaintiff's Motion for Permission to Use CM/ECF (ECF 81), which directly impacts Plaintiff's access to the Court and ability to litigate on equal footing, will likewise not be fully briefed until April 2, 2026, leaving Plaintiff forced to pay PACER/CM-ECF fees just to view orders and filings that defense counsel receives instantly by email.2-20-CM-ECF-GA-Northern-District-Court

7. The Order gives Defendant extra time while granting no relief whatsoever from the ongoing, concrete harm Plaintiff is suffering from NCS's reporting — harm that includes being denied or blocked from renting an apartment due to the disputed tradeline — despite the fact that temporary suppression of the tradeline pending resolution would cause Defendant no comparable hardship.

8. **Plaintiff also notes a pattern: Magistrate Judge Howard has moved swiftly to grant Defendant's motions** (including this emergency extension) but Plaintiff's motions — especially those seeking access (CM/ECF) or protection from sanctions and credit-reporting harm — remain undecided or delayed. This creates at minimum the appearance of one-sided leniency in favor of a represented corporate debt collector and against a pro se consumer.

9. Plaintiff further objects that the Order was entered without affording Plaintiff a meaningful opportunity to be heard. Defendant failed to confer with Plaintiff before filing its motion, and the Court did not wait for Plaintiff's opposition, despite the motion's sweeping impact on Plaintiff's rights and schedule.

10. Plaintiff expressly demands strict proof of any alleged "medical emergency" or related factual claim made in support of ECF 82:

- Defendant should be required to file a sworn declaration from counsel detailing the alleged emergency, its timing, why other counsel (including Mr. Green) cannot step in, and why a narrower extension would not suffice; and
- If such proof is not provided or is inconsistent with the motion, Plaintiff reserves all rights to seek sanctions against defense counsel personally under 28 U.S.C. § 1927 and the Court's inherent power for unreasonably multiplying proceedings and misusing "emergency"

11. **Under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), Plaintiff submits that the February 20, 2026 Order (ECF 83) is** clearly erroneous and contrary to law **to the extent it:**

- Accepts unsworn argument as sufficient "good cause" for sweeping deadline extensions;
- Fails to consider the availability and role of other defense counsel already of record;
- Imposes unilateral delay on a pro se plaintiff facing ongoing, real-world credit-reporting harm, while providing no protection or temporary relief from that harm.

**WHEREFORE**, Plaintiff respectfully requests that the **District Judge Steve C Jones**

a. Vacate or modify the February 20, 2026 Order (ECF 83);

b. Alternatively, strictly limit the extension to Defendant's deadline to respond to Plaintiff's Motion for Partial Summary Judgment and the summary judgment deadline, and allow Plaintiff's motions (ECF 79 and ECF 81) to proceed and be decided without further delay;

c. Direct that any future "emergency" or extension motions by Defendant must be supported by sworn evidence and must explain why other counsel cannot act; and

d. Grant such other and further relief as is just and proper, including any temporary or interim measures the District Judge deems appropriate to prevent ongoing prejudice to Plaintiff from Defendant's credit reporting while this case is litigated.

Respectfully submitted, This 21st Day of February 2026.

*[signature]*
FREDERICK SILVER
21905 MOUNTAIN HWY E UNIT 4143,
SPANAWAY, WA 98387-7583
E-MAIL: ASCLV1@GMAIL.COM
TEL: (702) 473-0365

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document **PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE HOWARD'S FEBRUARY 20, 2026 ORDER GRANTING DEFENDANT'S EMERGENCY MOTION TO EXTEND DEADLINES (ECF 83)** was mailed to the Clerk of Court United States District Court for the Northern District of Georgia at the address listed below: US District Court Clerk: 121 Spring Street SE Room 201, Gainesville, GA 30501-3789 and served on Katrina DeMarte, DeMarte Law, PLLC 39555 Orchard Hill Pl. Ste 600 / PMB 6338 Novi, MI 48375. Attorney for Defendant National Credit Systems, Inc. via the Court efile system.

On this 21st day of February 2026

*[signature]*
FREDERICK O. SILVER
21905 MOUNTAIN HWY E, UNIT 4143.
SPANAWAY, WA 98387-758
E-MAIL: ASCLV1@GMAIL.COM
TEL: (702) 473-0365