IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



FREDERICK O. SILVER,
   Plaintiff,

v.

                                               No. 1:24-CV-03238-SCJ-AWH

NATIONAL CREDIT SYSTEMS, INC.,
   Defendant.

## PLAINTIFF'S BRIEF IN SUPPORT OF EMERGENCY OBJECTIONS TO MAGISTRATE JUDGE HOWARD'S FEBRUARY 20, 2026, ORDER (ECF 83).

Plaintiff Frederick O. Silver ("Plaintiff") respectfully submits this Brief in support of his Emergency Objections (ECF 85) to Magistrate Judge Howard's February 20, 2026, Order granting Defendant National Credit Systems, Inc.'s ("NCS" or "Defendant") "Emergency Motion to Extend Deadlines" (ECF 82, 83).

Judge Jones has ordered expedited briefing, requiring the parties to file briefs by 12:00 P.M. on Monday, March 9, 2026. Plaintiff asks the Court to set aside the February 20 extension Order because it is clearly erroneous and contrary to law: it rests entirely on unsworn attorney argument about one lawyer's alleged medical issues, ignores the presence and significant involvement of co-counsel Jonathan Green, and fails to account for the substantial ongoing prejudice to a pro se consumer plaintiff whose credit and housing prospects are being harmed by NCS's tradeline every day that merits adjudication is delayed.

Plaintiff further explains that, as a pro se litigant, he has been denied CM/ECF access and must pay PACER fees and affirmatively log in to discover new orders, making ultra-short "emergency" extensions and rulings practically unmanageable for him while the Court affords NCS generous extensions on a minimal showing.

Plaintiff therefore requests that the Court vacate the February 20, 2026, extension Order (ECF 83), restore the prior deadlines, or at minimum substantially narrow the extensions and set a prompt schedule for briefing and decision on Plaintiff's Motion for Partial Summary Judgment and related motions.

## I. PROCEDURAL BACKGROUND

This FDCPA and consumer credit action was filed on July 22, 2024. After Defendant moved to dismiss the Amended Complaint under Rule 12(b)(6), Magistrate Judge Howard issued a Non-Final Report and Recommendation recommending denial of the motion, and on June 3, 2025, Judge Jones adopted that recommendation and denied NCS's motion to dismiss.

Discovery has been contentious. On January 9, 2026, NCS filed a Motion to Compel Discovery and for Sanctions, Including Dismissal, or in the Alternative, for Fees and Costs (ECF 72). Plaintiff, in turn, moved for additional time to comply with a discovery order and filed a renewed motion to compel discovery and proof of the alleged debt; Magistrate Judge Howard denied Plaintiff's motions on December 16, 2025, and Plaintiff filed objections (ECF 71).

Plaintiff also moved to Compel Defendant to Cease Credit Reporting Pending Litigation (ECF 62), seeking preliminary-injunction-type relief given that NCS's tradeline was actively harming Plaintiff's credit and housing prospects. That motion was submitted to Judge Jones.

On February 2, 2026, Plaintiff filed his Motion for Partial Summary Judgment (ECF 75), supported by a Statement of Undisputed Material Facts and multiple exhibits, including NCS's discovery responses. This motion seeks to resolve key liability issues concerning NCS's credit reporting and conduct under the FDCPA and related consumer-protection statutes.

On February 20, 2026, NCS filed an "Emergency Motion to Extend Deadlines" (ECF 82). Minutes later, without affording Plaintiff a realistic opportunity to be heard, Magistrate Judge Howard entered an "Order on Emergency Motion to Extend Deadlines" (ECF 83), extending multiple deadlines as follows:

- Defendant's deadline to respond to Plaintiff's Motion for Partial Summary Judgment: to March 25, 2026;
- Summary judgment deadline: to April 1, 2026;
- Defendant's deadline to respond to Plaintiff's Motion for Leave to File Out-of-Time Response and Opposition to Defendant's Motion to Compel Discovery and for Sanctions, Including Dismissal: to April 2, 2026;
- Defendant's deadline to respond to Plaintiff's Motion for Permission to Use CM/ECF: to April 2, 2026.

Plaintiff did not consent to these extensions, was not consulted before Defendant filed the motion, and had no realistic opportunity to oppose before the Order was entered.

Defendant's emergency motion relied solely on unsworn assertions by counsel about alleged medical issues affecting attorney Katrina M. DeMarte. NCS provided no affidavit, declaration, medical documentation, or sworn evidence of any kind, and offered no explanation why its long-standing counsel of record, Jonathan E. Green, could not handle the case during Ms. DeMarte's absence. Nevertheless, the Magistrate Judge granted the requested relief almost immediately.

On February 27, 2026, Plaintiff filed his Emergency Objections to the February 20 Order (ECF 85). On March 2, 2026, Judge Jones entered an Order directing expedited briefing and requiring both parties to file briefs on the matter by 12:00 P.M. on Monday, March 9, 2026.

## II. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge must modify or set aside any portion of a magistrate judge's non-dispositive order that is "clearly erroneous or contrary to law." A finding is clearly erroneous when the reviewing court is left with the firm conviction that a mistake has been committed, even if there is evidence to support it. An order is contrary to law when it fails to apply the correct legal standard, such as the "good cause" standard under Rule 16(b)(4), or misapplies that standard to the facts.

Rule 16(b)(4) permits modification of a scheduling order "only for good cause and with the judge's consent." Good cause primarily considers the diligence of the party seeking the extension and the prejudice to the opposing party; conclusory assertions or unsworn attorney argument are generally insufficient to justify broad extensions that materially affect dispositive and injunctive schedules.

## III. ARGUMENT

### A. The Extension Order Is Clearly Erroneous Because It Grants Broad Relief Based Solely on Unsworn Attorney Argument

Defendant's "Emergency Motion to Extend Deadlines" rests entirely on the statements of its counsel regarding alleged medical issues affecting Ms. DeMarte. Defendant submitted no sworn declaration, affidavit, medical record, or other evidence to substantiate those assertions. Despite this, the Magistrate Judge granted the motion almost immediately, adopting Defendant's proposed extensions wholesale and without requiring any evidentiary showing or allowing Plaintiff to respond.

Unsworn argument of counsel is not evidence and cannot, by itself, satisfy Rule 16(b)(4)'s "good cause" standard for materially modifying a scheduling order—particularly where the requested extension impacts pending dispositive and injunctive-related motions. Here, the Order extends Defendant's deadline to respond to Plaintiff's Motion for Partial Summary Judgment, prolongs the summary-judgment

schedule, and delays briefing on motions directly affecting Plaintiff's sanctions exposure and ability to access CM/ECF.

The absence of evidence is especially glaring because Defendant sought a broad extension on the basis of a claimed temporary condition affecting one lawyer, without even attempting to show:

- The specific duration and severity of the condition;
- Why it prevented any work on the case; or
- Why the firm could not reassign responsibilities to other counsel.

Granting such extensive relief on nothing more than unsworn assertions, without any inquiry into Defendant's diligence or Plaintiff's prejudice, is clearly erroneous and contrary to law.

### B. The Order Ignores the Role of Co-Counsel Jonathan Green and NCS's Ability to Proceed

The docket confirms that NCS is represented by at least two attorneys of record: Jonathan E. Green and Katrina M. DeMarte. Mr. Green has been counsel from the outset; he signed NCS's Answer, its Motion to Dismiss, and its Corporate Disclosure Statement, and is listed by the Court as an "ATTORNEY TO BE NOTICED.

Defendant's motion asserts that Mr. Green is "not up to speed" on the case, but that assertion is itself unsworn and directly contradicted by the docket, which reflects his active litigation of the Motion to Dismiss and associated briefing. Even if Ms. DeMarte were temporarily unavailable for medical reasons, Defendant made no evidentiary showing that:

- Mr. Green, an attorney who has handled key pleadings and motions, could not competently respond to Plaintiff's Motion for Partial Summary Judgment;
- No other attorney at the firm could be assigned to assist; or
- Defendant had exercised diligence in preparing for known deadlines.

Under Rule 16(b)(4), good cause requires a showing that the schedule could not reasonably be met despite the party's diligence. A represented corporate defendant with multiple attorneys of record cannot establish good cause for broad extensions merely by asserting—without evidence—that one lawyer is unavailable and another is supposedly unprepared after more than a year of involvement.

By accepting Defendant's unsworn explanation at face value and granting a substantial extension that delays Plaintiff's dispositive motion and other critical deadlines, the Order fails to apply the good-cause standard properly and is clearly erroneous.

### C. The Extension Significantly Prejudices Plaintiff's Ongoing Housing and Credit Interests and Functions as a De Facto Delay of Injunctive Relief

Plaintiff's Emergency Objections explain that NCS's negative tradeline continues to appear on his consumer credit reports and has already interfered with his efforts to rent an apartment. Plaintiff has actively sought relief aimed at stopping this ongoing harm, including moving to compel NCS to cease reporting during the pendency of this litigation and filing a Motion for Partial Summary Judgment that challenges the accuracy and reasonableness of NCS's reporting.

The February 20 extension Order materially worsens this prejudice by:

- Postponing NCS's response to Plaintiff's Motion for Partial Summary Judgment until March 25, 2026;
- Pushing the overall summary-judgment deadline to April 1, 2026; and
- Delaying briefing on Plaintiff's motions related to sanctions, discovery, and CM/ECF access until April 2, 2026.

Every day that NCS's tradeline remains on Plaintiff's reports with no adjudication of his claims is another day Plaintiff's credit profile and housing prospects are impaired. Granting Defendant weeks of additional time to respond, on an evidentiary void,

effectively denies Plaintiff timely consideration of his requested relief and allows the very harm at issue to continue unabated.

When evaluating good cause, courts consider prejudice to the non-moving party. Here, the Order focuses almost exclusively on Defendant's alleged inconvenience — again, supported only by argument — while giving no weight to the concrete, continuing injury to a pro se consumer plaintiff in the housing and credit markets. That imbalance is clearly erroneous.

### D. The Order Disproportionately Burdens a Pro Se Litigant Without CM/ECF Who Must Pay PACER Fees to Receive Court Orders

From the very beginning of this case, Plaintiff has sought permission to use CM/ECF so that he can receive electronic notifications of court orders and file documents electronically like represented parties do. That motion remains unresolved, and Magistrate Judge Howard's February 20 extension Order pushes Defendant's deadline to respond to Plaintiff's CM/ECF motion back to April 2, 2026.

Because Plaintiff does not have CM/ECF access, he does not receive instantaneous electronic notices when orders are entered. Instead, he must periodically log into PACER, search for new entries, and pay per page to view them — even though he has no income and was granted leave to proceed in forma pauperis. This system means that ultra-short response periods and last-minute "emergency" orders are much more difficult for Plaintiff to manage than they are for Defendant's counsel, who receive automatic email notifications and can respond immediately.

The February 20 extension Order is part of a pattern in which the Magistrate Judge denies or limits Plaintiff's requests (including extensions, discovery motions, and CM/ECF relief) while granting NCS broad accommodations based on unsworn assertions. While the CM/ECF and PACER issues do not, by themselves, determine the validity of the Order, they underscore why the extension here is inequitable: the Court has afforded leniency to a well-represented corporate defendant, yet placed Plaintiff in

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Sustain his Emergency Objections (ECF 85);
2. Set aside as clearly erroneous and contrary to law Magistrate Judge Howard's February 20, 2026 Order granting Defendant's Emergency Motion to Extend Deadlines (ECF 83); and
3. Restore the prior deadlines for Defendant's responses to Plaintiff's Motion for Partial Summary Judgment and related motions, or, in the alternative, substantially narrow the extensions and establish a prompt schedule for briefing and decision on Plaintiff's Motion for Partial Summary Judgment and related relief.

Respectfully submitted this 2nd day of March 2026.

Frederick O. Silver
21905 MOUNTAIN HWY E UNIT 4143,
SPANAWAY, WA 98387-7583
ASCLV1@gmail.com
(702) 473-0365

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was mailed to the Clerk of Court United States District Court for the Northern District of Georgia at the address listed below: US District Court Clerk: 121 Spring Street SE Room 201, Gainesville, GA 30501-3789 and served on Katrina DeMarte, DeMarte Law, PLLC 39555 Orchard Hill Pl. Ste 600 / PMB 6338 Novi, MI 48375. Attorney for Defendant National Credit Systems, Inc. via the Court efile system.

On this 2nd day of March 2026

FREDERICK O. SILVER
21905 MOUNTAIN HWY E, UNIT 4143.
SPANAWAY, WA 98387-758
E-MAIL: ASCLV1@GMAIL.COM
TEL: (702) 473-0365

FREDERICK SILVER
21905 Mountain Hwy E
#4143
Spanaway WA 98387



TACOMA WA 983
OLYMPIA WA
2 MAR 2026 PM 4  L

U.S. MARSHALS SERVICE
Gainesville, GA

MAR 06 2026

CLEARED SECURITY

TO: US District Court Clerk
121 Spring Street SE
Room 201
Gainesville, GA 30501-3789

30501$3789 C023